Beth Burnett **REYNOLDS**, Appellant,

v.

Dixie Keen **ALCORN**, Appellee.

No. 9135.

Court of Civil Appeals of Texas, Amarillo.

June 18, 1980.

Rehearing Denied July 16, 1980.

Frederick J. Deyeso, San Antonio, for appellant.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellee.

COUNTISS, Justice.

This appeal by Beth Burnett Reynolds (hereafter "Reynolds") from a summary judgment in favor of appellee, Dixie Keen Alcorn (hereafter "Alcorn") requires us to determine whether Reynolds' suit is barred by the statute of limitations. We conclude that it is, because Reynolds failed as a matter of law to exercise diligence in securing service on Alcorn, and affirm the judgment of the trial court.

The undisputed facts developed by the summary judgment evidence reveal the following sequence of events. On September 25, 1974 in Lubbock, Texas, Reynolds was a passenger in an automobile struck from the rear by an automobile driven by Alcorn. Alcorn stated by affidavit that she resided

at 4420 79th Street in Lubbock, Texas at the time of the collision, but moved to Tyler, Texas in September, 1975. Reynolds subsequently employed an attorney in San Antonio, Texas to file suit for her to recover for personal injuries incurred in the collision. The suit was filed in Lubbock County on September 20, 1976. The transmittal letter from Reynolds' attorney to the district clerk requested "that process issue for immediate service on Defendant at 2111 51st Street, Apartment C, Lubbock, Texas, by the Lubbock County Sheriff's Office, and that I be notified of any difficulty in locating and serving the Defendant." Citation was issued by the district clerk on September 20, 1976, and was returned unexecuted by the sheriff's office on the same date with the notation "House is Vacant." The district clerk did not advise Reynolds' attorney that Alcorn was not served.

Subsequent to the filing of the suit, Reynolds' first attorney ceased handling the case and asked her present attorney "to continue with the file." When the suit was initially filed, her first attorney contacted a Lubbock attorney and asked him to serve as local counsel. The exact nature of the initial arrangement is in dispute. The Lubbock attorney testified by deposition that he was not asked to do anything at the time of the initial contact and was only to serve as local counsel, if needed, on the trial of the case. Reynolds' present attorney, by affidavit attached to her response to the motion for summary judgment, implies that the local attorney may have had some responsibility for obtaining service on Alcorn or advising the other attorney of the lack of service. In any event, in late February, 1978, Reynolds' present attorney asked the Lubbock attorney to assume primary responsibility for the case. The Lubbock attorney reviewed the file in the district clerk's office and discovered that Alcorn

had not been served. He made numerous telephone calls and learned that Alcorn was then residing in Tyler, Texas. He requested issuance of citation for service on her at her Tyler address, and she was duly served on March 9, 1978. Alcorn was not aware of the pending case against her until she was served.

Subsequent to her appearance and answer in the case, Alcorn moved for summary judgment contending, *inter alia*, that Reynolds' suit was barred by article 5526 of the Texas Revised Civil Statutes Annotated, the two year statute of limitations, because Reynolds did not exercise due diligence in obtaining service on her.

Reynolds filed a response to the motion, with supporting instruments, one day prior to the hearing on the motion. By her response, Reynolds contended there was no lack of due diligence in serving Alcorn because (1) service was immediately attempted but Alcorn had moved from Lubbock more than a year before suit was filed and (2) neither local counsel nor the district clerk had informed San Antonio counsel that service had not been obtained on Alcorn.[1] Reynolds also contended Alcorn was not harmed by the delay.

The trial court granted Alcorn's motion for summary judgment and entered a take-nothing judgment against Reynolds who duly perfected her appeal to this court. Reynolds contends the trial court erred because questions of fact exist on all grounds raised by Alcorn's motion. Alcorn defends the judgment only on the limitations ground.

■ The general standards for summary judgment are well established. A summary judgment is sustainable only if the movant has conclusively established that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166–A. The

---

1. Alcorn moved to strike the response because leave of court was not obtained under rule 166–A of the Texas Rules of Civil Procedure for service of the response within seven days of the hearing. The record does not reflect a ruling on that motion. Alcorn does not contend on appeal that the response was not before the trial court. Because we do not believe the response raises a fact question on diligence, we do not pass on whether this court should, *sua sponte*, ignore it unless the record affirmatively reflects permission to serve it untimely.

trial and appellate courts must resolve all doubts about the existence of a genuine issue as to a material fact against the movant. The evidence must be viewed in a light most favorable to the non-movant, conflicts in the evidence are ignored and the evidence which tends to support the position of the non-movant is accepted as true. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965).

It is also well established that the "mere filing of a suit will not interrupt or toll the running of a statute of limitation; . . . to interrupt the statute, the use of diligence in procuring the issuance *and service* of citation is required" (emphasis added). *Rigo Manufacturing Company v. Thomas*, 458 S.W.2d 180, 182 (Tex.1970). The duty to exercise diligence continues until service is obtained. *Williams v. Houston-Citizens Bank & Trust Co.*, 531 S.W.2d 434, 435 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n. r. e.); *Austin v. Proctor*, 291 S.W. 702, 703 (Tex.Civ.App.—El Paso 1927, no writ). Where, as here, summary judgment is sought on the defensive ground that the suit is barred by the statute of limitations, the movant must conclusively establish the elements of the bar. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). If, as in this case, the non-movant interposes the claim of diligence in response to the motion for summary judgment, the movant must also conclusively establish lack of diligence by the non-movant. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975). The standard of diligence required of Reynolds is "that diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances." *McDonald v. Evans*, 217 S.W.2d 870, 871 (Tex.Civ.App.—Amarillo 1949, no writ). Thus, the single question before this court is whether the summary judgment evidence established, as a matter of law, a lack of diligence by Reynolds in obtaining service on Alcorn.

Applying the foregoing standards to this case, we are satisfied that Alcorn estab-lished Reynolds' lack of diligence as a matter of law. The limitations period expired on September 25, 1976. The undisputed evidence reveals a delay of approximately seventeen months after expiration of the limitations period before service was completed. After requesting the clerk to issue the first citation which was returned unserved, there is total inaction by Reynolds during the seventeen month period, with no additional attempts to obtain service and no attempt to determine whether service was completed.

Reynolds' excuses for the seventeen month delay are conclusively negated by other undisputed evidence. The excuse that Alcorn had moved from Lubbock cannot be relied on because Reynolds' attorney was not even aware of the move, having failed to ascertain that the first citation was returned unserved. The fact that Alcorn had moved, even if Reynolds' attorney had been aware of it, provides no justification for the lengthy delay present here. *Austin v. Proctor, supra,* at 703; *Kluth v. Kirkpatrick,* 238 S.W. 260, 261 (Tex.Civ.App.—San Antonio 1922, no writ). There are numerous procedures for substituted service under such circumstances. *See, e. g.,* Tex.R.Civ.P. 106, 109. In addition, it is apparent from the summary judgment evidence that Reynolds' attorney was in contact with Alcorn's insurance company and had the means to ascertain Alcorn's address.

Reynolds' reliance on the district clerk and implied reliance on the local attorney are immaterial. The district clerk promptly performed his official duty, issuance of the citation. Tex.R.Civ.P. 99. It was not part of his official duty to contact Reynolds' attorney and advise him of the outcome of the attempted service. If the attorney's request to be advised whether Alcorn was served created any relationship with the clerk, it was as Reynolds' agent. Any deficiency in the clerk's performance is, thus, imputed to Reynolds. The same holds true, of course, as to the reliance, if any, on local counsel. As a practical matter, Reynolds simply abandoned this case for over seventeen months after it was filed.

Reynolds' final contention, made without support of authority, that Alcorn was not harmed by the delay is inadequate to excuse lack of diligence in securing service. One of the purposes of a statute of limitation is to impose an arbitrary period of time for action, after which harm is presumed. The concept was enunciated in *Buie v. Couch*, 126 S.W.2d 565, 566 (Tex.Civ. App.—Waco 1939, writ ref'd), in this language:

> The object of this statute in requiring suits to be filed and prosecuted within a fixed time is not only to require plaintiff to definitely commit himself as to whether he intends to demand satisfaction of his claim but to advise the defendant thereof in order that he may prepare his defense and preserve his evidence in support thereof before the evidence is lost by the lapse of time. Notice to the defendant is therefore of vital importance, for otherwise receipts and other physical evidence might be destroyed, or his witnesses might die, or their memories fail before he had notice of the necessity of preserving the testimony.

*Rigo Manufacturing Company v. Thomas, supra,* and *Buie v. Couch, supra,* are applicable here and illustrative of the failure, as a matter of law, to exercise diligence in order to avoid the bar of the statute of limitations. In the cited cases, there were delays of many months in properly serving the defendant. Information indicating the lack of effective service was readily available to the plaintiffs' attorneys but was ignored. An ineffective initial attempt was made to obtain service, followed by months of inaction. In each case, the court concluded there was a lack of diligence as a matter of law in obtaining service, and the suits were barred by limitations.

The same situation is present in this case. Reynolds filed suit five days before expiration of the limitations period, requested service on Alcorn and then did nothing for seventeen months. Under those facts, this suit is barred by the statute of limitations as a matter of law.

Reynolds' point of error is overruled. The judgment of the trial court is affirmed.