Donald WITT, Appellant,

v.

Lauren HEATON, Appellee.

Lisa Witt, Appellant,

v.

Lauren Heaton, Appellee.

Nos. 09–99–283 CV, 09–99–284 CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 26, 2000.

Decided Feb. 3, 2000.

William Drew Perkin, Lufkin, for appellant.

Matthew J. M. Prebeg, Grover, Anderson, Lewis & Prebeg, P.C., Houston, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

This appeal is from two separate summary judgments granted in favor of Lauren Heaton against Donald L. Witt (Donald) and Lisa Witt (Lisa). On September 4, 1997, in two separate petitions, Donald and Lisa both filed suit against Heaton for personal injuries resulting from a car accident occurring September 7, 1995.[1] Citations were served January 28, 1998, by Constable Jack F. Abercia.

On June 9, 1998, Heaton filed a motion for summary judgment against Donald, asserting his claims were barred by the statute of limitations. Heaton contended the service of process did not relate back to

the date of filing the suit because Donald did not use due diligence. As summary judgment evidence, Heaton attached a copy of Donald's petition and a copy of the citation delivered by Constable Abercia.

In a sworn response filed June 30, 1998, the Witts' attorney claimed citation was requested when the suit was filed and was mailed by the Clerk of Montgomery County to an officer authorized to serve it. The citation was returned because, the Constable said, Heaton resided out of his jurisdiction. The response then asserted that new citations were issued and mailed to a different servicing officer who also experienced problems in locating Heaton. Attached to the response was a letter to the District Clerk of Montgomery County requesting that citations be prepared and served. The letter is dated August 6, 1997, marked "COPY," and file-stamped June 30, 1998, the date the response was filed.

On June 9, a notice of submission was filed by Heaton informing Donald that on July 6, Defendant's Motion for Summary Judgment would be presented to the trial court for ruling without an oral hearing, unless one was demanded by Donald. On June 30, Donald filed a motion for continuance from the hearing date requested by Heaton. The record contains no ruling on that motion. The docket sheet reflects that on July 6, the "Hearing passed by agreement." Also on July 6, the trial court granted Heaton's motion to consolidate Cause No. 97–09–03444–CV, *Donald L. Witt v. Lauren Heaton*, in the 221st Judicial District Court of Montgomery County (09–99–283 CV on appeal) with Cause No. 97–09–03445–CV, *Lisa Witt v. Lauren Heaton*, in the 284th Judicial District Court of Montgomery County (09–99–284 CV on appeal).

The trial court granted the motion for summary judgment October 8. On October 21, Donald filed a motion for reconsideration of summary judgment and for a new

---

1. The same attorney represented both Donald    and Lisa and represents them both on appeal.

trial. The motion complains the summary judgment was granted without a hearing and Donald was not given an opportunity to amend his response. Attached to the motion is an affidavit by the Witts' attorney providing that "[w]e had a devil of a time locating the Defendant and effected service but it was done with due dilligence [sic] and professional responsibility." Another motion for reconsideration and a new trial was filed November 9. Attached was the aforementioned affidavit and a copy of the motion for continuance.

On February 16, 1999, Heaton filed a motion for summary judgment against Lisa asserting her claims were also barred by the statute of limitations due to lack of due diligence. As summary judgment evidence, Heaton attached a copy of Lisa's petition and a copy of the citation delivered by Constable Abercia. Also on February 16, a notice of submission was filed by Heaton informing Lisa that on March 11, Defendant's Motion for Summary Judgment would be presented to the trial court for ruling without an oral hearing, unless one was demanded by Witt.

In a sworn response filed March 3, the Witts' attorney again claimed citation was requested when the suit was filed and was mailed by the Clerk of Montgomery County to an officer authorized to serve it. The citation was returned because, the Constable said, Heaton resided out of his jurisdiction. The response asserted new citations were issued and mailed to a different servicing officer who also experienced problems in locating Heaton. Attached to the response was the original petition and a copy of the citation delivered January 28, 1998.

Heaton's reply to Lisa's response was filed March 17 and objected to Lisa's summary judgment evidence on the grounds the citation offered was unauthenticated and the affidavit by the Witts' attorney did not identify any basis for personal knowledge of the events cited in the response. Heaton asked the court to strike Lisa's documents as summary judgment evidence. The record does not contain a ruling on Heaton's objections; therefore we will consider the evidence.

A hearing was held March 18, and that same day the trial court granted Heaton's motion for summary judgment. Subsequently, a motion for reconsideration of summary judgment and for new trial was filed April 19. Attached to that motion is an affidavit from Billie Jackson. We are unable to consider this response and its attached affidavit as it was not "on file at the time of the hearing, or filed thereafter and before judgment with permission of the court." *See* Tex.R. Civ. P. 166a(c).

Donald and Lisa contend the trial court erred in granting summary judgment because a fact issue exists as to whether due diligence was exercised in serving the citations. The evidence properly before this court, taken as true, establishes the following:

- Citation was requested September 4, 1997, when suit was filed;

- The District Clerk of Montgomery County mailed the citations to an officer;

- The citations were returned because Heaton resided out of the constable's jurisdiction;

- A letter dated December 30, 1997, was sent to Constable Moore requesting service of citation upon Heaton;

- New citations were issued and mailed to a different officer;

- Constable Dick Moore received the citation January 5, 1998, and attempted service January 6, twice on January 7, January 14, twice on January 15, and on January 16;

- Constable Jack Abercia received the citation January 27, 1998, and executed service January 28, 1998.

To toll the statute of limitations, a plaintiff must file suit within the limitations period and exercise due diligence in

procuring the issuance and service of citation. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990). Summary judgment may be based on the lack of diligence if the delay is unexplained or if the lapse of time in the plaintiff's failure to act conclusively negates diligence. *Weaver v. E–Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no writ) (citations omitted). *See also Instrument Specialties Co., Inc. v. Texas Employment Comm'n*, 924 S.W.2d 420, 422 (Tex.App.—Fort Worth 1996, writ denied). "An unexplained delay constitutes a lack of due diligence as a matter of law." *Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex.App.—San Antonio 1999, no pet.). But "[w]hen the plaintiff offers a valid excuse, the plaintiff raises a fact question which will defeat the defendant's motion for summary judgment." *Holstein v. Federal Debt Management, Inc.*, 902 S.W.2d 31, 35–36 (Tex.App.—Houston [1st Dist.] 1995, no writ) (citing *Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex.App.—Houston [1st Dist.] 1993, writ denied)).

■ The delay in the present case was not unexplained. On the contrary, counsel for the Witts explained the citations were originally mailed by the District Clerk to a constable unable to serve Heaton. Upon learning of the error, citations were again requested and sent to Constable Moore. After numerous attempts to serve Heaton, the citations were given to another constable who served Heaton the next day. The only lapse of time was the period from when citations were requested to when the error was discovered and it alone does not conclusively negate diligence.

Thus, the case was filed within limitations, prompt service was attempted but was unsuccessful, and repeated attempts at service were not untimely made. *See Walls v. Travis County*, 958 S.W.2d 944, 947 (Tex.App.—Austin 1998, pet. denied). We find the Witts met their burden to show exercise of due diligence in procuring issuance and service of citation. The issue on appeal is sustained and the judgment of the trial court is REVERSED AND REMANDED.