Mary ZIMMERMAN, Appellant,

v.

Robert Brett MASSONI, Appellee.

No. 03–99–00509–CV.

Court of Appeals of Texas,
Austin.

July 27, 2000.

Publication Ordered Dec. 14, 2000.

Virgil Yanta, The Yanta Law Firm, San Antonio, for appellant.

Thomas N. Tourtellotte, Tom Tourtellotte, P.C., Driftwood, for appellee.

Before Justices JONES, YEAKEL and POWERS.*

JOHN E. POWERS, Justice (Assigned).

Mary Zimmerman appeals from a trial court judgment that she take nothing by her personal-injury action against Robert Brett Massoni. We will affirm the judgment.

## THE CONTROVERSY

Zimmerman sued Massoni in a negligence action to recover damages for personal injuries sustained in an automobile collision that occurred in Austin on April 28, 1995. Zimmerman filed her original petition on April 9, 1997, but Massoni was not served with citation until September 2, 1997. Unless tolled by the filing of Zimmerman's petition, the two-year limitations period expired on April 28, 1997, and her action was barred. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (West Supp. 2000). Whether the statute of limitations was tolled depends upon whether Zimmerman exercised reasonable diligence in effecting service of citation upon Massoni after suit was filed.

The jury were asked the following question and answered as indicated:

Did Mary Zimmerman exercise due diligence to have Robert Brett Massoni served with process of the Plaintiff's Petition?

---

* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003(b) (West 1998).

The duty to exercise diligence in service of process of Plaintiff's Petition is a continuous one, extending until service is obtained by anyone acting on the Plaintiff's behalf.

"Due diligence" means that standard of diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances. The duty to use due diligence continues from the date suit is filed until Defendant is served.

Answer: "Yes" or "No."

Answer: No.

The judgment rests upon the jury's answer to the foregoing question. Zimmerman assails in five assignments of error the jury's "No" answer and one instruction accompanying the question.

## DISCUSSION AND HOLDINGS

■ The running of the limitations period was interrupted or suspended by the filing of Zimmerman's petition *provided* she exercised reasonable diligence in procuring issuance and service of citation after filing her petition. Because Massoni was not served with citation within the limitations period and pleaded the bar of limitations, Zimmerman bore the burden of explaining the four-month and twenty-two day delay between the date (April 9, 1997) she filed her original petition, and the date (September 2, 1997) Massoni was served with citation. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829–30 (Tex.1990).

■ To demonstrate "reasonable diligence," Zimmerman was required to show (1) that she acted as an ordinary prudent person would act under the same circumstances, and (2) that she so acted throughout, that is to say continuously from filing suit to the date Massoni received service of citation. *See Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex.App.—Houston [1st Dist.] 1999, pet. denied). It was the particular duty of Zimmerman's attorney to evaluate continuously the status of the various efforts to effect citation upon Massoni. *See Weaver v. E–Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex.App.—Texarkana 1997, no pet.).

■ The reasonableness of any delay in procuring service of citation is a question of fact when the plaintiff offers a valid explanation for the delay. *See, e.g., Witt v. Heaton*, 10 S.W.3d 435, 437–38 (Tex. App.—Beaumont 2000, no pet.); *Butler v. Ross*, 836 S.W.2d 833, 836 (Tex.App.— Houston [1st Dist.] 1992, no writ). It has been held as a matter of law, however, that reasonable diligence was not shown in particular circumstances. *See, e.g., Buie v. Couch*, 126 S.W.2d 565 (Tex.Civ.App.— Waco 1939, writ ref'd) (something less than four-month lapse between filing suit and issuance of citation, and one-month lapse between issuance and service of citation); *Taylor*, 4 S.W.3d at 65 (four-month lapse between filing petition and service of citation, coupled with request for issuance of citation only two days before expiration of limitations period).

■ In her first assignment of error, Zimmerman contends the evidence showed conclusively or as a matter of law that she exercised due diligence in effecting service of citation on Massoni; and, in a second assignment of error, she contends the jury's "No" answer is so against the great weight and preponderance of the evidence as to be manifestly unjust. We will summarize the material evidence. It is found in the testimony of Zimmerman's attorney and certain exhibits received in evidence as a result of the attorney's testimony.

Zimmerman's attorney filed an original petition on April 9, 1997, directing that Massoni be served with citation at his residence at 2020 Castleview in Austin—an address shown for Massoni on an accident report prepared at the time of the collision by a police officer who investigated the collision. The clerk issued the citation promptly on April 9, 1997. Zimmerman's attorney engaged a private process server to effect service and make the return.

About April 15 or 16, 1997, the process server telephoned Zimmerman's attorney and reported that after four visits she had found no one at home at the Castleview address although the home appeared to be occupied. Consequently, the process server had been unable to deliver the citation to Massoni personally as authorized by Rule 106(a)(1) of the Texas Rules of Civil Procedure.

On May 6, 1997, a little over twenty days later, Zimmerman's attorney filed a motion requesting an order authorizing alternative service by leaving a citation with anyone over age sixteen at the Castleview address, as authorized by Rule 106(b)(1). An order of that character was signed May 22, 1997. The process server was unable to effect service of citation in that manner. The date of any attempted service is not shown in the evidence.

Zimmerman's attorney filed on June 19, 1997, a motion requesting an order for alternative service by posting a citation to the door of the Castleview home, as authorized by Rule 106(b)(2). An order to that effect was signed June 26, 1997. About twelve days later, on July 9, 1997, the citation was posted on a door at the Castleview home.

About July 11, 1997, an individual telephoned Zimmerman's attorney and identified himself as the occupant of the home at 2020 Castleview. He reported that Massoni had moved from that address some time before. The attorney then made a series of four telephone calls to an adjuster for Massoni's liability insurer but was unable to obtain from him Massoni's current address. The attorney mailed the adjuster a letter on July 17, 1997, again seeking to learn Massoni's current address. The adjuster telephoned the attorney in "late July" and gave the attorney Massoni's home address near Leander, Texas. Zimmerman's attorney prepared an amended petition alleging the Leander address as a location where Massoni might be served with citation. She signed and dated the amended petition August 19, 1997.[1] The attorney testified the amended petition was "filed with the court on August 22nd."[2] She requested issuance of a citation on August 25, 1997.[3] It was issued that day and on September 2, 1997, delivered to Massoni in person. He thereafter appeared in the cause by filing a written answer.

The foregoing narrative reflects several delays a jury might consider important in assessing the reasonableness of the attempts to serve Massoni with citation: a lapse of about twenty days between the date (April 15 or 16, 1997) the process server reported she was unable to deliver citation to Massoni personally at the Castleview home and the date (May 6, 1997) Zimmerman's attorney requested the first order for alternative service; a lapse of sixteen days between the date (May 6, 1997) the order was requested and the date (May 22, 1997) the order was signed; the lapse of an indefinite period of time between an unspecified date the first mode of alternative service was attempted and June 19, 1997, when Zimmerman's attorney requested a second order for alternative service; a lapse of twelve days from the date (June 26, 1997) the order was signed for the second form of alternative service and the date (July 9, 1997) citation was served in that fashion; and a lapse of some twenty-five days between the date ("late July") Zimmerman's attorney first learned Massoni's current address in

---

1. A copy of the amended petition is in the clerk's record. It reflects that the attorney did indeed sign the pleading on August 19, 1997; however, the clerk's file mark reflects the pleading was filed May 25, 1997, a date several months *before* the pleading was signed. Nothing in the record explains the irregularity.

2. The clerk's record does not reflect that any document was filed in the cause during August 1997. It does reflect that a citation was issued on August 25, 1997, for service on Massoni at his Leander, Texas, address.

3. *See supra* note 2.

Leander, Texas, and the date (August 25, 1997) the attorney requested issuance of citation and directed service at that address.

On direct examination, Zimmerman's attorney explained the lapse of April 16 to May 6, 1997, by stating she was preparing for trial in another case, in another county, that began April 15 and finished "[a]t the end of April." When asked whether she had tried "to stay on top of this case" after learning, about April 15 or 16, 1997, that personal delivery of citation could not be obtained at the Castleview address, Zimmerman's attorney testified she "was doing something, if you look at each date, approximately every week or two weeks on the case trying to get service done." When asked what she was doing in that regard in August 1997, the attorney testified she was involved in another case during that month, in yet another county, that lasted "approximately two weeks." The dates of that trial were not specified in the evidence. The attorney testified she instructed "the process server to use every effort to obtain service on Mr. Massoni" and "also made many, many calls to the process server trying to get service."

On cross-examination, Zimmerman's attorney conceded she did not attempt to learn Massoni's current address through utility records, the driver's license and automobile-registration records maintained by the Department of Public Safety, the mail-forwarding service of the post office, or by contacting an individual who had been a passenger in Massoni's automobile when the collision occurred. The attorney's paralegal reportedly made several telephone calls to directory assistance in Austin attempting to learn Massoni's current address because the attorney's office lacked an Austin telephone directory. The attorney conceded, however, that she had no personal knowledge that these telephone calls were in fact made. Until she learned it was incorrect, she relied throughout on the Castleview address reflected in the police accident report be-cause it was the only address she had; and, because of "privacy issues" she did not believe she would be able to obtain Massoni's current address from the post office or by checking at the Department of Public Safety for an address shown on a driver's license or automobile registration record.

We believe the jury could reasonably decline to find from the body of evidence that Zimmerman's attorney exercised reasonable diligence. We refer for example to the lapses mentioned above. While the attorney testified she was involved in other trials in other counties during April and August 1997, she did not testify that no other attorney or employee in the office of the attorney of record (the San Antonio firm of Yanta, Flores, and Korth, L.L.P.) was available to search for Massoni's address, nor did she attempt to explain why she herself could not at some point tend to the matter during the times she was not in trial during the periods April 16 to May 6, 1997, and "late July" to August 19, 1997. The same may be said of the other lapses—the jury could reasonably view the lapses as being at most only partially explained in the attorney's testimony. Nor did the attorney attempt to explain her persistence in relying throughout upon Massoni's address as stated in the two-year-old accident report, or why her persistence in that regard was reasonable in the circumstances. While she testified the Castleview address was the only address she had, she did not attempt before July 1997 to verify that address or to search for other addresses in some manner, save perhaps by her paralegal's reported telephone calls to directory assistance in Austin. Because the attorney admitted she had no personal knowledge that such calls were made, the jury were free to discount the claim that they were made. The jury could rationally conclude that a reasonable person in the attorney's position, in the circumstances established by the evidence, would have contacted the adjuster much sooner after personal delivery of citation

failed in mid-April 1997. Finally, we cannot conclude the jury were unreasonable if they believed the attorney's vague and conclusory remarks fell short of a real explanation. We refer to the attorney's statement that she did "something" every week or two weeks and her statement that she believed "privacy issues" would preclude her obtaining an address by certain inquiries; to her accounting in part only for the major time lapses; and, to her persistence over several months in regarding the Castleview address as the only place where Massoni might be served with citation.

We therefore hold the jury's "No" answer is not against the great weight and preponderance of the evidence so as to be manifestly unjust; *a fortiori* Zimmerman did not establish as a matter of law reasonable diligence in effecting service of citation after filing suit.

■ In her next assignment of error, Zimmerman contends the jury's answer is ambiguous because in the place provided for an answer the word "No" is superimposed, in heavier, bolder letters, over the word "Yes." Zimmerman cites no authority for her contention. It is evident from the copy of the charge in the clerk's record on appeal that a "No" answer was intended. We therefore cannot conclude the answer is ambiguous because contradictory in itself. More importantly, perhaps, the verdict was entered upon the minutes of the court. This raises a presumption that the verdict was read aloud by the clerk, no juror objected to its accuracy, and neither party requested a poll of the jury.[4] *See* Tex.R.Civ.P. 293. And by not objecting before the jury were discharged, any error was waived. *See Roling v. Alamo Group (USA), Inc.,* 840 S.W.2d 107, 109–10 (Tex. App.—Eastland 1992, writ denied); *Torres v. Caterpillar, Inc.,* 928 S.W.2d 233, 244 (Tex.App.—San Antonio 1996, writ de-

nied). We overrule the assignment of error.

■ Zimmerman complains in her next assignment of error that the trial court erred in framing the question and instructions over her objection. The question and instructions inquire about due diligence between the date suit was filed and the date Massoni was served with citation. Zimmerman contended for an instruction that made the relevant period of inquiry begin on the date limitations would have expired and end on the date Massoni was served with citation. The trial judge did not err, in our view, by rejecting Zimmerman's contention. It is contrary to the principle involved.

■ The applicable statute specified the filing of suit as the event that would suspend or interrupt the running of limitations. *See* Tex.Civ.Prac. & Rem.Code § 16.003(a) (West Supp.2000). When a plaintiff files suit *within* the limitation period, but the defendant is served with citation *outside* that period, the delayed service *relates back* by operation of law *to the date suit was filed, provided* the plaintiff exercised reasonable diligence to effect such service *after filing suit. See, e.g., Murray,* 800 S.W.2d at 830; *Gant v. De-Leon,* 786 S.W.2d 259, 260 (Tex.1990); *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975); *Rigo Mfg. Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970). We have found no authority for the idea that such service relates back to, for example, the last day of the limitations period. We overrule the assignment of error.

■ In her final assignment of error, Zimmerman contends the trial judge erred in excluding certain testimony that would have been given by her attorney. The excluded testimony would have established that the adjuster told Zimmerman's attorney that he had in his records the same incorrect address of 2020 Castleview. The

4. We have before us only a partial reporter's record, which raises a presumption that it is the entire record for purposes of Zimmerman's assignments of error. *See* Tex.R.App.P. 34.6(c)(4). Neither party contends the missing parts of the reporter's record contain anything material on appeal.

conversation occurred in "late July" 1997. Zimmerman argues the excluded evidence was "crucial" because it showed "that an ordinary, prudent person under similar circumstances might have not found the correct address" because Massoni's "own agent" did not have it. We doubt the logic of Zimmerman's theory. It assumes the adjuster himself employed due diligence with regard to his records, a fact not established in the evidence.

■ More importantly, the trial judge did not abuse her discretion by excluding the hearsay testimony. *See* Tex.R.Evid. 801, 802. Even if one assumes the logic of Zimmerman's contention, and assumes the hearsay was admissible on some ground, we cannot conclude any error was reversible error. We do not believe, based on the entire record, that the question of reasonable diligence was *controlled* by the excluded testimony so as to be dispositive of the case. *See Jamail v. Anchor Mortg. Servs., Inc.,* 809 S.W.2d 221, 223 (Tex. 1991); *New Braunfels Factory Outlet Ctr., Inc. v. IHOP Realty Corp.,* 872 S.W.2d 303, 310 (Tex.App.—Austin 1994, no writ). We hold accordingly.

Finding no reversible error, we affirm the judgment.