Gene BISCAMP, Appellant,

v.

ENTERGY GULF STATES, INC. and
Samuelle Fontenot, Appellees.

No. 09–05–382 CV.

Court of Appeals of Texas,
Beaumont.

Submitted July 21, 2006.

Decided Aug. 31, 2006.

Richard J. Clarkson, Beaumont, John Seale, Seale, Stover & Bisbey, Jasper, for appellant.

Kent Chambers, Randal Cashiola, Chambers, Templeton, Cashiola & Thomas, Beaumont, for appellee Samuelle Fontenot.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

This appeal involves whether a plaintiff exercised sufficient due diligence in obtaining service of process. Gene Biscamp, appellant, requests that this Court find that appellee, Samuelle Fontenot Prejean (hereinafter "Fontenot"), waived her statute of limitations defense. Specifically, Biscamp claims Fontenot did not establish her limitations defense as a matter of law because she failed to demonstrate that the delay in service after limitations expired disadvantaged or harmed her. Additionally, within his single issue on appeal, Biscamp asserts that he established misnomer as a matter of law. We reject the contention that harm is an element of a defendant's statute of limitations defense, or that misnomer was established as a matter of law. We affirm the judgment of the trial court.

## Procedural History

On November 23, 2000, Fontenot rearended Biscamp on Interstate 10 in Beaumont, Texas. Immediately prior to the accident, Biscamp stopped his vehicle to avoid a potential hazard with downed power lines, owned by Entergy Gulf States, Inc. Biscamp sued Fontenot and Entergy on November 4, 2002. After being timely served, Entergy filed its answer on December 5, 2002. Fontenot was not served until October 7, 2003, two years and ten months after the cause of action accrued. On October 30, 2003, Fontenot filed her answer and pled that the statute of limitations barred Biscamp's claims. A jury trial occurred on November 3, 2004. During the hearing on the jury charge, Biscamp objected to the charge, and asserted that the charge improperly placed the burden of proof on him instead of Fontenot, stating that "[t]he burden on an affirmative defense such as limitations is on the one claiming the limitation." The trial court overruled Biscamp's objection, and submitted a question that inquired whether Biscamp and his attorney exercised reasonable diligence in obtaining service of process on the defendant. The jury answered this question "No".

## Applicable Law and Analysis

Biscamp asserts that the trial court erred in denying his recovery against Fontenot because Fontenot failed to establish her statute of limitations defense as a matter of law. Specifically, Biscamp claims that in order for Fontenot to succeed on her limitations defense, she must show (1) that the limitations period expired prior to her being served and (2) that she was misled, disadvantaged, or otherwise harmed by the delay in service. According to Biscamp, before his explanation regarding the delay in service becomes relevant, Fontenot must first establish "harm" as an element of her limitation defense.[1]

---

1. Biscamp relies on an unpublished opinion from this Court, *Harmon v. M & E Food Mart,*

■ It is well established that the mere filing of a lawsuit will not interrupt the running of the statute of limitations; a plaintiff must also exercise due diligence in the issuance and service of citation. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex.1990); *Witt v. Heaton*, 10 S.W.3d 435, 437–38 (Tex.App.-Beaumont 2000, no pet.). This duty continues until the plaintiff obtains service. *See Reynolds v. Alcorn*, 601 S.W.2d 785, 788 (Tex.Civ.App.-Amarillo 1980, no writ).

■ Fontenot affirmatively pled the defense of limitations and by doing so is permitted to introduce evidence relevant to establishing her statutory defense. *See* Tex.R. Civ. P. 94; *Butler v. Ross*, 836 S.W.2d 833, 835 (Tex.App.-Houston [1st Dist.] 1992, no writ). As established in the record, Fontenot was served with citation approximately ten months after the two year limitations period expired. If a defendant affirmatively pleads the defense of limitations and shows that the plaintiff failed to timely serve the defendant, the burden shifts to the plaintiff to explain the delay. *Murray*, 800 S.W.2d at 830.

■ Unexplained delays constitute lack of due diligence as a matter of law. *See Witt*, 10 S.W.3d at 438. On the other hand, when a plaintiff offers a valid explanation for the delay, the reasonableness of any delay in procuring service of citation is question of fact. *See Zimmerman v. Massoni*, 32 S.W.3d 254, 256 (Tex.App.-Austin 2000, pet. denied) (citing *Witt*, 10 S.W.3d at 437–38). As such, the plaintiff bears the burden at trial to explain the reasonableness of the delay in serving citation on the defendant. *See Zimmerman*, 32

S.W.3d at 256; *see also Murray*, 800 S.W.2d at 830.

■ Harm is not an element of a defendant's limitations defense. Although the absence of harm in some cases may be part of the explanation offered by the plaintiff in an effort to excuse the plaintiff's delay in serving the defendant, courts have noted that the excuse is inadequate. *See Reynolds*, 601 S.W.2d at 789. Specifically, the court held that "[o]ne of the purposes of a statute of limitation is to impose an arbitrary period of time for action, after which harm is presumed." *Id.* We agree with this conclusion. Biscamp properly bore the burden of proof at trial to explain the reasonableness of his delay in serving Fontenot. The jury rejected his excuse by failing to answer the reasonable diligence question in his favor. Biscamp's assertion that Fontenot bore a burden of proving harm as a result of Biscamp's delay is overruled.

■ Biscamp additionally asserts that the misnomer doctrine operates to toll the statute of limitations and excuses his failure to serve Fontenot before the limitations period expired. We disagree. A misnomer occurs when the plaintiff misnames the correct defendant, but the correct defendant has been served. *See Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex.1990). In the case of a misnomer, limitations are tolled and an amended petition correcting the mistake relates back to the date of the original petition, "primarily because the party intended to be sued has been served and put on notice that it is the intended defendant." *Diamond v. Eighth Ave. 92, L.C.*, 105 S.W.3d 691, 695 (Tex. App.-Fort Worth 2003, no pet.); *see also*

---

*Inc.*, 1996 WL 492622 (Tex.App.-Beaumont Aug.29, 1996, writ denied) (not designated for publication). Unpublished opinions have no precedential value and thus, are not binding on this or any other reviewing court. Tex.

R.App. P. 47.7. Additionally, Biscamp improperly cites to the *Harmon* opinion by failing to identify it as an unpublished opinion as required by Rule 47.7 of the Texas Rules of Appellate Procedure.

*Enserch Corp.,* 794 S.W.2d at 4–5. Although Fontenot was misnamed in Biscamp's original petition, the misnomer doctrine does not apply because Fontenot was not served within the limitations period. Because Fontenot was not timely served, the misnomer doctrine does not apply. We overrule Biscamp's issue and affirm the judgment of the trial court.

AFFIRMED.