In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-382 CV


____________________



GENE BISCAMP, Appellant



V.



ENTERGY GULF STATES, INC. AND SAMUELLE FONTENOT, Appellees






On Appeal from the 58th District Court


Jefferson County, Texas


Trial Cause No. A-168,501






 OPINION 


 This appeal involves whether a plaintiff exercised sufficient due diligence in obtaining
service of process. Gene Biscamp, appellant, requests that this Court find that appellee,
Samuelle Fontenot Prejean (hereinafter "Fontenot"), waived her statute of limitations
defense. Specifically, Biscamp claims Fontenot did not establish her limitations defense as
a matter of law because she failed to demonstrate that the delay in service after limitations
expired disadvantaged or harmed her. Additionally, within his single issue on appeal,
Biscamp asserts that he established misnomer as a matter of law. We reject the contention
that harm is an element of a defendant's statute of limitations defense, or that misnomer was
established as a matter of law. We affirm the judgment of the trial court. 

Procedural History

 On November 23, 2000, Fontenot rear-ended Biscamp on Interstate 10 in Beaumont,
Texas. Immediately prior to the accident, Biscamp stopped his vehicle to avoid a potential
hazard with downed power lines, owned by Entergy Gulf States, Inc. Biscamp sued Fontenot
and Entergy on November 4, 2002. After being timely served, Entergy filed its answer on
December 5, 2002. Fontenot was not served until October 7, 2003, two years and ten months
after the cause of action accrued. On October 30, 2003, Fontenot filed her answer and pled
that the statute of limitations barred Biscamp's claims. A jury trial occurred on November
3, 2004. During the hearing on the jury charge, Biscamp objected to the charge, and asserted
that the charge improperly placed the burden of proof on him instead of Fontenot, stating that
"[t]he burden on an affirmative defense such as limitations is on the one claiming the
limitation." The trial court overruled Biscamp's objection, and submitted a question that
inquired whether Biscamp and his attorney exercised reasonable diligence in obtaining
service of process on the defendant. The jury answered this question "No". 

Applicable Law and Analysis

 Biscamp asserts that the trial court erred in denying his recovery against Fontenot
because Fontenot failed to establish her statute of limitations defense as a matter of law. 
Specifically, Biscamp claims that in order for Fontenot to succeed on her limitations defense,
she must show (1) that the limitations period expired prior to her being served and (2) that
she was misled, disadvantaged, or otherwise harmed by the delay in service. According to
Biscamp, before his explanation regarding the delay in service becomes relevant, Fontenot
must first establish "harm" as an element of her limitation defense. (1) 

 It is well established that the mere filing of a lawsuit will not interrupt the running of
the statute of limitations; a plaintiff must also exercise due diligence in the issuance and
service of citation. See Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex.
1990); Witt v. Heaton, 10 S.W.3d 435, 437-38 (Tex. App.-Beaumont 2000, no pet.). This
duty continues until the plaintiff obtains service. See Reynolds v. Alcorn, 601 S.W.2d 785,
788 (Tex. Civ. App.-Amarillo 1980, no writ). 


 Fontenot affirmatively pled the defense of limitations and by doing so is permitted to
introduce evidence relevant to establishing her statutory defense. See Tex. R. Civ. P. 94;
Butler v. Ross, 836 S.W.2d 833, 835 (Tex. App.-Houston [1st Dist.] 1992, no writ). As
established in the record, Fontenot was served with citation approximately ten months after
the two year limitations period expired. If a defendant affirmatively pleads the defense of
limitations and shows that the plaintiff failed to timely serve the defendant, the burden shifts
to the plaintiff to explain the delay. Murray, 800 S.W.2d at 830. 

 Unexplained delays constitute lack of due diligence as a matter of law. See Witt, 10
S.W.3d at 438. On the other hand, when a plaintiff offers a valid explanation for the delay,
the reasonableness of any delay in procuring service of citation is a question of fact. See
Zimmerman v. Massoni, 32 S.W.3d 254, 256 (Tex. App.-Austin 2000, pet. denied) (citing
Witt, 10 S.W.3d at 437-38). As such, the plaintiff bears the burden at trial to explain the
reasonableness of the delay in serving citation on the defendant. See Zimmerman, 32 S.W.3d
at 256; see also Murray, 800 S.W.2d at 830. 

 Harm is not an element of a defendant's limitations defense. Although the absence
of harm in some cases may be part of the explanation offered by the plaintiff in an effort to
excuse the plaintiff's delay in serving the defendant, courts have noted that the excuse is
inadequate. See Reynolds, 601 S.W.2d at 789. Specifically, the court held that "[o]ne of the
purposes of a statute of limitation is to impose an arbitrary period of time for action, after
which harm is presumed." Id. We agree with this conclusion. Biscamp properly bore the
burden of proof at trial to explain the reasonableness of his delay in serving Fontenot. The
jury rejected his excuse by failing to answer the reasonable diligence question in his favor. 
Biscamp's assertion that Fontenot bore a burden of proving harm as a result of Biscamp's
delay is overruled.

 Biscamp additionally asserts that the misnomer doctrine operates to toll the statute of
limitations and excuses his failure to serve Fontenot before the limitations period expired. 
We disagree. A misnomer occurs when the plaintiff misnames the correct defendant, but the
correct defendant has been served. See Enserch Corp. v. Parker, 794 S.W.2d 2, 4-5 (Tex.
1990). In the case of a misnomer, limitations are tolled and an amended petition correcting
the mistake relates back to the date of the original petition, "primarily because the party
intended to be sued has been served and put on notice that it is the intended defendant." 
Diamond v. Eighth Ave. 92, L.C., 105 S.W.3d 691, 695 (Tex. App.-Fort Worth 2003, no
pet.); see also Enserch Corp., 794 S.W.2d at 4-5. Although Fontenot was misnamed in
Biscamp's original petition, the misnomer doctrine does not apply because Fontenot was not
served within the limitations period. Because Fontenot was not timely served, the misnomer
doctrine does not apply. We overrule Biscamp's issue and affirm the judgment of the trial
court.

 AFFIRMED.

 ___________________________

 HOLLIS HORTON

 Justice


Submitted on July 21, 2006

Opinion Delivered August 31, 2006

Before Gaultney, Kreger, and Horton, JJ.
1. Biscamp relies on an unpublished opinion from this Court, Harmon v. M & E Food
Mart, Inc., 1996 WL 492622 (Tex. App.-Beaumont Aug. 29, 1996, writ denied) (not
designated for publication). Unpublished opinions have no precedential value and thus, are
not binding on this or any other reviewing court. Tex. R. App. P. 47.7. Additionally,
Biscamp improperly cites to the Harmon opinion by failing to identify it as an unpublished
opinion as required by Rule 47.7 of the Texas Rules of Appellate Procedure.