**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00228-CV**

_____

**KEVIN ROACH, Appellant**

**V.**

**THE MEDICAL CENTER OF SOUTHEAST TEXAS, L.P., Appellee**

_____

**On Appeal from the 172nd District Court**
**Jefferson County, Texas**
**Trial Cause No. E-192,762**

_____

**MEMORANDUM OPINION**

This is an appeal from an order granting summary judgment. In his sole issue, appellant Kevin Roach alleges that the trial court erred by granting summary judgment based upon the statute of limitations because, during the twenty-seven days after the statute of limitations expired, Roach acted as an ordinary prudent person in securing service of process upon appellee, The Medical Center of Southeast Texas, L.P. ("MCST"). We reverse and remand the trial court's summary judgment order.

1

BACKGROUND

On August 1, 2012, Roach filed an original petition against MCST. In his petition, Roach alleged that he sustained personal injuries on August 2, 2010, as a result of a slip and fall accident on MCST's premises. Roach contended that MCST's negligence caused his injuries. In his petition, Roach requested that citation "be issued and be served upon [MCST] in the form and manner prescribed by law[.]" The record reflects that the District Clerk prepared a citation on the same date, but the officer's return was not completed until August 29, 2012. On August 31, 2012, MCST filed its original answer, in which it asserted a general denial and specifically pleaded that Roach's claims are barred by the applicable statute of limitations.

MCST filed a traditional motion for summary judgment, in which it asserted that summary judgment is proper because Roach had not demonstrated due diligence in effectuating service of process within the applicable statute of limitations. MCST attached as exhibits to its motion (1) Roach's counsel's request in correspondence with the District Clerk asking for citation to be prepared for service by a private process server and (2) the transmittal from a private process

server, showing that MCST was not served until August 29, 2012.[1] In his response to MCST's motion, Roach asserted that a fact issue exists whether he made diligent efforts to procure citation and service.

ANALYSIS

We review the trial court's summary judgment order *de novo*. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). With respect to a traditional motion for summary judgment, the movant must establish that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). If the moving party produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence that raises a material fact issue. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). In determining whether there is a disputed material fact issue precluding summary

---

[1]We note that MCST did not include an affidavit authenticating the three exhibits attached to its motion for summary judgment. Roach did not object to the lack of authentication in his response to the motion for summary judgment or at the summary judgment hearing. *See* Tex. R. Civ. P. 166a(f); *Kroemer v. Hartsfield*, No. 09-08-00462-CV, 2009 WL 4343266, at *3 (Tex. App.—Beaumont Dec. 3, 2009, pet. denied) (mem. op.) (citing Tex. R. Civ. P. 166a(f) and concluding that an objection that summary judgment evidence is not properly authenticated is waived if raised for the first time in a motion for new trial.). Additionally, in his response to the motion for summary judgment, Roach stated that he "attaches and incorporates[,]" among other things, "any of Defendant's summary judgment evidence."

3

judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). We review the summary judgment record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

The statute of limitations is an affirmative defense. Tex. R. Civ. P. 94. A defendant that moves for summary judgment on the affirmative defense of statute of limitations must conclusively prove when the cause of action accrued, and if the plaintiff pleaded a tolling provision or exception, the defendant must conclusively negate its application as a matter of law. *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997); *see also Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 224 (Tex. 1999).

It is well settled that the mere filing of a lawsuit does not interrupt the running of the statute of limitations, and a plaintiff must also exercise due diligence in the issuance and service of citation. *Proulx v. Wells*, 235 S.W.3d 213, 215-16 (Tex. 2007); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990); *Witt v. Heaton*, 10 S.W.3d 435, 437-38 (Tex. App.—Beaumont 2000, no pet.). "If service is diligently effected after limitations has expired, the date of service will relate back to the date of filing." *Proulx*, 235 S.W.3d at 215.

Unexplained delays constitute a lack of due diligence as a matter of law. *Witt*, 10 S.W.3d at 438. When a defendant has affirmatively pleaded the defense of limitations, and when failure to timely serve the defendant has been shown, the burden shifts to the plaintiff to explain the delay. *Murray*, 800 S.W.2d at 830. However, "a plaintiff's mere pleading of diligence in response to a summary-judgment motion shifts the burden to the defendant to disprove diligence as a matter of law." *Proulx*, 235 S.W.3d at 215. If a plaintiff offers a valid explanation for the delay, the reasonableness of any delay in procuring service of citation is a question of fact. *Zimmerman v. Massoni*, 32 S.W.3d 254, 256 (Tex. App.—Austin 2000, pet. denied) (citing *Witt*, 10 S.W.3d at 437-38).

As discussed above, Roach asserted a personal injury claim against MCST, and he alleged that his injury occurred on August 2, 2010. A two-year statute of limitations applies to personal injury actions. Tex. Civ. Prac. & Rem. Code Ann. 16.003(a) (West Supp. 2015). Accordingly, the last day on which Roach could have filed suit was August 2, 2012. *See id.* MCST's summary judgment evidence demonstrated that MCST was not served with citation until August 29, 2012, as did the officer's return attached to Roach's response. Roach attached the affidavit of his counsel to his response to the summary judgment motion. In the affidavit, counsel averred as follows:

> On August 1, 2012, suit was filed against Defendant, The Medical Center of Southeast Texas, L.P. The citation was issued for service on August 1, 2012. On August 9, 2012, Plaintiff received the citation via U.S. mail. On August 14, 2012, my paralegal requested a check in the amount of $75.00 for payment to [the] Constable . . . for the applicable service of process fee. On August 24, 201[2] the check was issued and the citation was forwarded to the Constable for service of process. The Constable stamped the citation received on August 27, 2012[,] and certified in[-]person service on August 29, 2012.

Roach contended that his counsel's affidavit created a fact issue regarding whether Roach acted with due diligence in securing service of citation. We agree.

Accordingly, the trial court erred in granting MCST's motion for summary judgment. We sustain Roach's sole issue and the judgment of the trial court is reversed and remanded.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on February 25, 2016
Opinion Delivered April 14, 2016

Before McKeithen, C.J., Horton and Johnson, JJ.