**AFFIRMED and Opinion Filed April 20, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-18-01241-CV
_____

**JON EVANS, Appellant**
**V.**
**LAURA MARTINEZ, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-04781-D**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Osborne

A jury found that appellant Jon Evans, the plaintiff in the trial court, did not

use due diligence in perfecting service of his lawsuit on appellee Laura Martinez. In

accordance with the jury's finding, the trial court rendered judgment for Martinez.

Because there was legally and factually sufficient evidence to support the jury's

finding, we affirm the trial court's judgment.

### BACKGROUND

Evans's claims against Martinez arise from a vehicle collision on September

21, 2013. Evans filed suit on September 21, 2015, pleading that he was injured as a

result of Martinez's negligence in rear-ending the car in which he was a passenger. Service of process, however, was not made on Martinez until October 30, 2015, after the two-year statute of limitations had run. The trial court subsequently granted summary judgment for Evans on all issues except his diligence in perfecting service on Martinez. The case proceeded to a jury trial on that issue.

Carl Weinkauf, Evans's attorney, was the only witness to testify at trial. Weinkauf testified that he did not file suit until the last day of limitations because Evans was still being treated for injuries he suffered in the collision. In his cover letter to the county clerk submitting the petition for filing, Weinkauf explained that he would be "serving the citation with our own process service." He requested that the clerk return the citation to him for that purpose.

Although the county clerk issued the citation on September 23, 2015, Martinez was not served with process until more than five weeks after the statute of limitations had expired. Weinkauf explained the delay as follows:

- He had not received the citation from the clerk by October 2, 2015, when he left his office for a previously-planned and pre-paid vacation;

- Although the clerk sent the citation to Weinkauf on October 1, 2015, Weinkauf did not open the mail he received during his vacation until October 7, 2015;

- On October 7, he contacted Innovative Investigative Resources ("IIR"), a company he had regularly used to serve process, and left a message that he would leave the citation with his receptionist for pickup and service;

- He discovered on October 12 that IIR had not picked up the citation;

- He learned on October 14 that IIR was no longer serving process;

- On October 14 he contacted another company, Forbes Confidential, and left the citation with his receptionist for pickup;

- On October 19, he discovered that the citation was still on the receptionist's desk;

- He called Forbes Confidential on October 19 and was assured that the citation would be picked up and served;

- Later that week, the citation was no longer on the receptionist's desk;

- He contacted Forbes Confidential on October 26 and was informed that the citation was out for service;

- He learned on November 2 that Martinez had been served on Friday, October 30; and

- The return of service was filed on November 3.

On cross-examination, Weinkauf admitted that he did not provide for anyone to open and review his mail during his vacation or to watch for the citation and arrange for service in his absence. He confirmed that he only checked on the citation once a week after his return. He confirmed that, having practiced law for more than 30 years, he was aware of the two-year statute of limitations for a negligence suit, and was aware that he had filed Evans's suit on the last day of the limitations period. He acknowledged that he did not offer any evidence to support his testimony that he first called a process server on October 7. He further acknowledged that he had no supporting evidence such as telephone records, notes, or witness testimony other than his own about his efforts to obtain service. He also conceded that the process server's return of service, providing that the citation "came to hand" on October 27,

–3–

was inconsistent with his testimony that the citation had been picked up the week of October 19 and was out for service on October 26.

The jury answered "no" to the question whether Evans used due diligence in perfecting service of his lawsuit on Martinez. The trial court rendered judgment on the jury's verdict, and this appeal followed. In a single issue, Evans contends that the evidence is legally and factually insufficient to support the jury's finding.

### DISCUSSION

Evans bore the burden to establish his diligence in serving process. *See Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990) (when defendant affirmatively pleads limitations defense and shows failure to timely serve process, burden shifts to plaintiff to explain delay). Consequently, we may reverse the jury's finding for legal insufficiency only if the contrary proposition is established as a matter of law. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). We may set aside the jury's finding for factual insufficiency only if Evans demonstrates that the finding is against the great weight and preponderance of the evidence. *See id.* at 242. We must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.* The jury is the sole judge of the credibility of the witnesses and evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005).

A personal injury lawsuit is governed by a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.003(a). Filing suit will not toll the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation. *Murray*, 800 S.W.2d at 830; *Mauricio v. Castro*, 287 S.W.3d 476, 479 (Tex. App.—Dallas 2009, no pet.). The duty to exercise diligence continues until service of process is achieved. *Mauricio*, 287 S.W.3d at 479. "Texas courts have consistently held that lack of diligence may be shown based on unexplained lapses of time between the filing of the suit, issuance of the citation, and service of process." *Id.* The relevant inquiry is whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served. *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam).

Here, the return of service recites that the process server first came into possession of the citation on October 27, 2015, more than a month after limitations expired. Although Weinkauf offered some evidence regarding the delay, he did not explain why, when he knew he had filed suit on the last day of limitations and that he would shortly leave on vacation, he did not make an alternative arrangement to ensure that the effort to serve Martinez would begin in his absence. On his return, he left the citation sitting at his reception desk and checked on it only once a week even after problems arose with his arrangements for service. There is no evidence to support his testimony of the efforts he made, such as phone records, notes, emails,

or testimony from support staff or process servers. The jury was the sole judge of Weinkauf's credibility on these matters. *See City of Keller*, 168 S.W.3d at 819.

As the parties acknowledge, most cases addressing the exercise of due diligence are not appeals of jury verdicts. *See, e.g., Murray*, 800 S.W.2d at 827 (limitations issue determined by summary judgment); *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 535 (Tex. App.—Dallas 1987, no writ) (op. on reh'g) (same). The issue presented here—whether there was legally and factually sufficient evidence to support the jury's finding that Evans did not use due diligence in serving Martinez—differs from appeals of summary judgments in which the plaintiff was required only to raise a genuine issue of material fact regarding due diligence. *Cf. Herrera v. Price*, No. 05-18-00030-CV, 2019 WL 580846, at *3–4 (Tex. App.—Dallas Feb. 13, 2019, no pet.) (mem. op.) (plaintiff failed to raise fact issue on diligence).

Both parties cite *Zimmerman v. Massoni*, 32 S.W.3d 254, 256 (Tex. App.—Austin 2000, pet. denied), as one of the few cases reviewing a jury's finding that the plaintiff did not use due diligence in perfecting service. In *Zimmerman*, the trial court rendered judgment for the defendant based on the jury's finding, and the court of appeals affirmed. *Id.* at 255–59. Evans distinguishes *Zimmerman*, arguing that the delays at issue in that case were longer and unexplained, while Martinez cites the appellate court's conclusion that the jury's verdict was not so against the great

weight and preponderance of the evidence as to be manifestly unjust. *See generally id.* at 256–59.

Evans argues he was diligent in requesting citation at the time he filed suit and clearly explained all delays. He argues that because he offered an explanation for all delays, the jury's finding that he did not use due diligence is against the great weight and preponderance of the evidence. But as we have discussed, there was also evidence, through Weinkauf's own testimony, of lapses in his efforts to secure service. Among other problems, he did not make any arrangements for service to be initiated in his absence. In *Zimmerman*, the court cited the attorney's failure to explain why no other attorney or employee could have searched for the defendant's address while she was in trial as evidence to support the jury's failure to find that the attorney exercised reasonable diligence. *See id.* at 258. And as in *Zimmerman*, the jury could have concluded that a reasonable person in Weinkauf's position would have acted "much sooner," *see id.* at 258–59, not leaving the citation at the receptionist's desk for a week at a time without determining why service was not underway. We conclude that Evans did not establish as a matter of law his reasonable diligence in effecting service of citation after filing suit, and that the jury's verdict is not against the great weight and preponderance of the evidence so as to be clearly wrong and manifestly unjust. *See Dow Chem. Co.*, 46 S.W.3d at 242. We decide Evans's issue against him.

## CONCLUSION

We affirm the trial court's judgment.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

181241F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JON EVANS, Appellant

No. 05-18-01241-CV     V.

LAURA MARTINEZ, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-15-04781-D.
Opinion delivered by Justice Osborne; Justices Schenck and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Laura Martinez recover her costs of this appeal from appellant Jon Evans.

Judgment entered April 20, 2020.