**TOBIN LANDSCAPE AND
CONSTRUCTION CO.,
INC., Appellant,**

v.

**James BRAMLETT, Appellee.**

No. 05–85–00612–CV.

Court of Appeals of Texas,
Dallas.

March 28, 1986.

Joe B. Abbey, Dallas, for appellant.

Robert C. Elder, Jr., David Surratt, Canterbury, Stuber, Elder & Gooch, Dallas, for appellee.

Before STEPHENS, McCLUNG and McCRAW, JJ.

McCRAW, Justice.

This Court's opinion of February 19, 1986 is withdrawn and this opinion is substituted as the opinion of this Court.

Tobin Landscape and Construction Co., Inc. sued James Bramlett on a sworn account for landscape development completed on Bramlett's property. Bramlett filed a counterclaim alleging the charging of usurious interest by Tobin. The trial court granted Bramlett a directed verdict and found that Tobin had charged usurious interest, from which judgment Tobin now appeals.

The parties failed to request findings of fact and conclusions of law or to submit a statement of facts. Therefore, this decision is rendered on the basis of the submitted transcript, pleadings and the judgment entered by the trial court, *Dorman v. Cook,* 262 S.W.2d 744, 746 (Tex.Civ.App.—Beaumont 1953, writ dism'd), and upon the undisputed facts contained in the parties' briefs. *Finnigan v. Blanco County,* 670 S.W.2d 313, 318 (Tex.App.—Austin 1984, no writ) (on rehearing).

Under an agreed contract, Tobin performed landscaping for Bramlett's property. Tobin installed and moved numerous shrubs and then submitted an invoice to Bramlett for $6,241.75 for the work completed. Bramlett failed to pay and Tobin filed suit. Bramlett, in his answer, claimed

that Tobin performed unauthorized additional work, and Bramlett disputed the invoice. Further, Bramlett stated that the work was not performed in a good and workmanlike manner.

On August 24, 1984, after the litigation had begun, Tobin sent Bramlett a second landscape invoice with three additional items designated as "Finance Charges" for June, July, and August. Bramlett then filed a counterclaim alleging that the additional charges were usurious and in violation of the "Texas Credit Code." After Tobin presented his case, Bramlett moved for a directed verdict, which was granted.

In his twelve points of error, Tobin contends that: (1–8) the provisions of TEX. REV.CIV.STAT.ANN. article 5069–1.06, (Vernon Supp.1986), violate both the fifth and fourteenth amendments of the United States Constitution and article I, sections 13 and 19 of the Texas Constitution; (9–11) the provisions of article 5069–1.06 are contrary to public policy and fail to accomplish their given purpose; and (12) the trial court erred in finding the later issued statement usurious. For the following reasons, we overrule each point of error and affirm the judgment of the trial court.

Tobin contends in his first eight points of error that TEX.REV.CIV.STAT.ANN. article 5069–1.06 is unconstitutional and violative of the United States Constitution and the Texas Constitution. We disagree and hold that article 5069–1.06 is within constitutional constraints.

Article 5069–1.06 provides:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor three times the amount of usurious interest contracted for, charged or received, such usurious interest being the amount the total interest contracted for, charged, or received exceeds the amount of interest allowed by law, and reasonable attorney fees fixed by the court except that in no event shall the amount forfeited be less than Two Thousand Dollars or twenty percent of the principal, whichever is the smaller sum; provided, that there shall be no penalty for any usurious interest which results from an accidental and bona fide error.

The purpose of the usury statutes is to prohibit usury under any cover or pretext whatever. *F.B. & D., Inc. v. Nathan Alterman Electric Co.*, 394 S.W.2d 821, 823 (Tex.Civ.App.—San Antonio 1965, writ ref'd n.r.e.). While arguably the punitive results of article 5069–1.06 are severe, the penalties are legislatively designed to accomplish designated objectives and will not be found unconstitutionally excessive except in extraordinary cases where the fine is such that it "shocks the sense of mankind." *State v. Laredo Co.*, 96 Tex. 461, 467, 73 S.W. 951, 953 (1903). We hold that the penalty rendered herein is not of an unconstitutional magnitude, thereby carrying out the intended legislative purpose, of deterring the charge of usurious interest.

Further, with respect to constitutional due process, the states may exercise great discretion in assessing fines; their actions are only limited when the penalty assessed is so disproportional to the offense as to be unreasonable. *Pennington v. Singleton*, 606 S.W.2d 682, 690 (Tex. 1980). The legislature's treatment of usury makes it clear that the charging of excessive interest is a very serious matter and that the consumer will be protected from vendors who choose to engage in this abusive and deceptive practice. Thus, a stringent penalty, as was applied in this case, is reasonable and bears a rational relationship to the seriousness of Tobin's act.

Tobin was penalized 20% of the principal, plus reasonable and necessary attorney's fees. This amount is well within the statutory guidelines and thus not disproportional to prescribed penalties established by the legislature. Therefore, the usury statute is not violative of Tobin's constitutional

rights. Points of error one through eight are overruled.

■ In points of error nine through eleven, Tobin contends that article 5069–1.06 is contrary to public policy and fails to accomplish the purposes for which it was established. We disagree.

The penal provisions of article 5069–1.06 demand that the "charges" made be statutorily permissive. Consumers can thereby rely upon the protection offered by the statute when confronted by the usurious acts of vendors. The usury provisions are not designed to compensate consumers for actual damages. Instead, they were designed to deter violators and to encourage enforcement of the statutes by private litigants, thereby placing the cost of violation on the perpetrators. *Anguiano v. Jim Walter Homes, Inc.,* 561 S.W.2d 249, 254 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.). Clearly, such a policy does not harm the formation of good faith contracts but instead promotes valid business dealings through party awareness and acceptance of required responsibilities. Points of error nine through eleven are overruled.

Finally, in point of error twelve, Tobin asserts that the trial court erred in finding that the second invoice contained a usurious charge and was not merely a miscalculation of interest. Although we recognize that the defenses of accidental and bona fide error provide exceptions to the penalties under the usury statute, article 5069–1.06, *Tyra v. Bob Carroll Construction Company,* 639 S.W.2d 690, 691 (Tex.1982), the lack of a statement of facts makes a review of the evidence regarding these defenses impossible. In a situation where a statement of facts is not submitted, it is presumed that there is sufficient evidence to support the judgment of the trial court. *Cowling v. Colligan,* 312 S.W.2d 943, 946 (Tex.1958); *Simon v. Watson,* 525 S.W.2d 210, 213 (Tex.Civ.App.—Dallas 1975, writ dism'd). Appellant's twelfth point of error must, therefore, be overruled and the judgment of the trial court affirmed.