Yvonne PERRY, Appellant,

v.

KROGER STORES, STORE NO. 119, Appellee.

No. 05-86-00925-CV.

Court of Appeals of Texas, Dallas.

Oct. 26, 1987.

5. The pleading of the State.

**534**

John B. Runge, Grand Prairie, for appellant.

Robert R. Roby, Michaela E. Conway, Dallas, for appellee.

Before HOWELL, STEWART and THOMAS, JJ.

## ON MOTION FOR REHEARING

STEWART, Justice.

In the interests of justice, we withdraw our prior opinion of August 3, 1987 and substitute the following opinion addressing appellant's contentions on the merits.

Yvonne Perry sued Kroger Stores for damages arising from a slip and fall. Although suit was filed one day before the applicable statute of limitations barred the suit, service of citation was not accomplished until nine months after the suit was filed. Kroger moved for summary judgment, contending that the statute of limitations barred the suit because Perry had not exercised due diligence in effecting service of process. The trial court granted summary judgment for Kroger. We affirm.

The summary judgment proof reveals that the cause of action arose on October 11, 1982, and Perry filed suit on October 10, 1984. Perry's original petition listed an incorrect address for service of process upon Kroger, and citation directed to the incorrect address was issued on October 11, 1984. The citation was returned unexecuted. The record reveals no further action on the part of Perry to secure service of citation until June 17, 1985. On that date, Perry requested service of process upon Kroger's registered agent, giving the correct address for service. A second citation was issued June 19, 1985, and Kroger was served with citation on July 10, 1985, nine months after Perry filed her original petition.

The mere filing of a petition will not toll the running of a statute of limitation; to interrupt the statute, the plaintiff must exercise due diligence in procuring the issuance and service of citation upon the defendant. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex.1975); *Rigo Manufacturing Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex.1970). When moving for summary judgment on the basis of lack of due diligence, the movant has the burden of negating the non-movant's claim of due diligence. *Zale Corp.*, 520 S.W.2d at 891; *Whatley v. National Bank of Commerce*, 555 S.W.2d 500, 503–04 (Tex.Civ.App.—Dallas 1977, no writ); *Romo v. Glascock*, 620 S.W.2d 829, 831 (Tex.Civ.App.—Dallas 1981, no writ).

Perry argues that lack of due diligence is a factual issue, precluding summary judgment. The existence of diligence is usually a question of fact, but if no excuse is offered for a delay in procuring service of citation, or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law. *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126, 127 (Tex.App.—Texarkana 1986, no writ); *Liles v. Phillips*, 677 S.W.2d 802, 809 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.).

Perry has attached, as an exhibit to her brief, a document entitled "Counteraffidavit to Defendant's Motion for Summary Judgment." She states in her brief that this affidavit was filed with the trial court; however, the affidavit was not included in the record of this case on appeal. The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, thus, the documents cannot be considered. *Zodiac Corp. v. General Electric Credit Corp.*, 566 S.W.2d 341, 347 (Tex.Civ.App.—Tyler 1978, no writ); *Bibby v. Preston*, 555 S.W.

2d 898, 902 (Tex.Civ.App.—Tyler 1977, no writ).

The failure to include the affidavit in the record on appeal creates two problems. First, in the absence of the complete record considered by the trial court, the appellate presumption is that the omitted summary judgment evidence supports the trial court's judgment. *Cantu v. Western Fire & Casualty Insurance Co.,* 723 S.W. 2d 668, 668 (Tex.1987); *Bering v. Republic Bank of San Antonio,* 581 S.W.2d 806, 809 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Utilizing this presumption, we would be required to affirm the judgment of the trial court. Second, if there is no affidavit in the record, then Perry offered no excuse for her delay in securing process and it was proper for the trial court to resolve the diligence issue as a matter of law. *Valdez,* 715 S.W.2d at 127. Again, we would be required to affirm the judgment of the trial court.

For reasons of judicial economy, and to finally dispose of the appeal on the merits, we have granted Perry's motion to supplement the record on motion for rehearing by including the affidavit in a supplemental transcript. We believe that it is not inequitable to do so. In its brief on original submission, Kroger concedes that the affidavit was filed with the trial court. It is apparent that Kroger is aware of the contents of the affidavit. Further, Kroger did not move to strike the exhibit, nor did it request this court to order its removal. We are entitled to accept as true statements in appellant's brief not challenged by appellee. *Tobin Landscape and Construction Co. v. Bramlett,* 708 S.W.2d 553, 553 (Tex.App.—Dallas 1986, writ ref'd n.r. e.); *Finnigan v. Blanco County,* 670 S.W. 2d 313, 318 (Tex.App.—Austin 1984, no writ). It would not, therefore, be inequitable to allow the affidavit to be formally included in the record.

In his counteraffidavit, Perry's attorney states:

At the hearing of this cause, I intend to controvert the claim covered by the affidavit filed by Defendant and purporting to attest to the fact that the statute of limitations has expired in this matter.... The basis upon which I intend to controvert the claim, is as follows:

1. Plaintiff timely filed her petition in this matter;

2. Plaintiff was assured by the court that service on Defendant was made in this matter;

3. On three separate occasions, this matter was set for Plaintiff to take a default judgment, but each time was postponed;

4. Only on the third attempt of Plaintiff to take a default judgment did the court discover that Defendant had not been properly served; and

5. Once it was discovered that Defendant had not been properly served, Plaintiff served Defendant again.

We hold that the lapse of time and Perry's actions conclusively negate diligence. *See Valdez,* 715 S.W.2d at 127. The summary judgment proof shows that the first citation was issued on October 11, 1984, one day after the petition was filed. Thus, diligence was shown initially. However, the duty to exercise diligence is a continuous one, extending until service is obtained. *Reynolds v. Alcorn,* 601 S.W.2d 785 at 788 (Tex.Civ.App.—Amarillo 1980, no writ). Perry allowed nine months to elapse before Kroger was served. Our courts have held consistently that shorter times establish a lack of diligence as a matter of law. *See Hamilton v. Goodson,* 578 S.W.2d 448 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) (6½ months); *Williams v. Houston—Citizens Bank & Trust Co.,* 531 S.W.2d 434 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.) (7⅔ months); *Buie v. Couch,* 126 S.W.2d 565 (Tex.Civ.App.—Waco 1939, writ ref'd n.r.e.) (8⅓ months).

The lengthy delay, with no action, shows a lack of diligence after the first citation was returned unexecuted. In *Sanchez v. Providence Memorial Hospital,* 679 S.W. 2d 732 (Tex.App.—El Paso 1984, no writ), the court stated:

Certainly counsel knew that if citation was issued as requested the citation had

to be served within ninety days. Rule 101, Tex.R.Civ.P. When at the end of that time period no answer had been filed, it became incumbent upon him to request a new citation and perhaps make inquiry as to why citation had never been served.

*Sanchez*, 679 S.W.2d at 733. There is no evidence that Perry requested new citation after ninety days.

Perry's summary judgment proof also establishes that she twice attempted· to take a default judgment against Kroger before finding out on her third attempt that Kroger had not been served with citation. The Texas Rules of Procedure state that a plaintiff cannot take a default judgment unless the citation with the officer's return has been on file with the clerk of the court for ten days, exclusive of the day of filing and the day of judgment. TEX.R. CIV.P. 107, 239. Perry has presented no reason for failing to check the file for the citation and return before twice attempting to take a default judgment.

Further, Perry's summary judgment proof has failed to present a legally acceptable excuse for the delay in procuring service of citation; therefore, Kroger has shown lack of due diligence as a matter of law. *Valdez*, 715 S.W.2d at 127. Perry's only excuse for failing to serve Kroger promptly is that the trial court assured her attorney that Kroger had been served with citation.

We hold that Perry's reliance on the trial court's assurances, if any were made, is immaterial. When Perry states that "the Court" assured her that service had been accomplished, it is unclear whether the clerk of the court or the judge made these assurances. In *Reynolds v. Alcorn*, 601 S.W.2d 785 (Tex.Civ.App.—Amarillo 1980, no writ), the plaintiff sought to rely upon actions of the district clerk for his belief that citation had been served. The court correctly stated that the court clerk had no official duty to advise the attorney of the outcome of any attempted service. *Reynolds*, 601 S.W.2d at 788. We hold that the same rule pertains to the trial judge. It is the responsibility of the attorney, not the trial court, to ascertain the status of the citation.

We hold that Perry failed to exercise due diligence as matter of law. Therefore, summary judgment for Kroger based upon a limitations bar was proper. The judgment of the trial court is affirmed.