
Holly SILK, Appellant,

v.

Robert C. TERRILL, M.D., Appellee.

No. 05–94–00006–CV.

Court of Appeals of Texas,
Dallas.

Aug. 9, 1994.

Paul L. Smith, Paul L. Smith & Associates, P.C., Dallas, for appellant.

Steven E. Aldous, Richard A. Sayles, Sayles & Lidji, P.C., Dallas, for appellee.

Before LAGARDE, BURNETT, and BARBER, JJ.

## OPINION

BARBER, Justice.

Holly Silk sued Robert C. Terrill, M.D. for medical malpractice. The trial court granted Terrill's motion for summary judgment. Silk appeals asserting that she presented sufficient evidence to raise genuine issues of material fact on Terrill's grounds for summary judgment. We do not reach the merits of Silk's appeal because she failed to bring forward a sufficient record on appeal. Accordingly, we affirm the trial court's judgment.

## SUFFICIENCY OF RECORD ON APPEAL

"The burden is on the appellant, or the other party seeking review, to see that a sufficient record is presented to show error requiring reversal." Tex.R.App.P. 50(d). In an appeal from a summary judgment, an appellant must bring forward all of the evidence presented to the trial court. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex.1990) (op. on reh'g), *cert. denied*, 498 U.S. 1048, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991). This Court must presume that omitted summary judgment evidence supported the trial court's judgment. *Id., Cantu v. Western Fire & Cas. Ins. Co.*, 723 S.W.2d 668, 668 (Tex.1987) (per curiam); *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 535 (Tex.App.—Dallas 1987, no writ) (op. on reh'g).

Terrill moved for summary judgment on the grounds that his conduct was consistent with the standard of care and that his actions or inactions did not proximately cause Silk's injury. Terrill supported his motion for summary judgment with an affidavit. Silk filed a detailed affidavit discussing and

controverting the assertions in Terrill's supporting affidavit.

The appellate record does not contain Terrill's supporting affidavit.[1] This omission was pointed out in Terrill's appellate brief. Additionally, Silk's appellate counsel was questioned during oral argument before this Court about the omission of Terrill's supporting affidavit from the record.

█ In a supplemental brief filed with this Court, Silk argues that Terrill's supporting affidavit is not necessary because the parties focused on the sufficiency of the controverting affidavit at both the trial level and on appeal. This argument is without merit. In a summary judgment appeal, the Court reviews the trial court's judgment, the summary judgment pleadings, and the evidence presented to the trial court. That the parties' emphasis may have been on other matters is of no consequence.

Silk failed to bring forward a sufficient record on appeal. This Court must presume the omitted evidence supported the trial court's judgment. *See DeSantis,* 793 S.W.2d at 689. We overrule Silk's point of error.

We affirm the trial court's judgment.

---

1. Silk attached a copy of Terrill's supporting affidavit to her appellate brief. "The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and thus, the documents cannot be considered." *Perry,* 741 S.W.2d at 534.