United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-20078
Summary Calendar

---

PAT BARLOW

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.; SAM'S CLUB; AND WEIDER NUTRITION GROUP,

Defendants-Appellees.

--------------------
Appeal From the United States District Court
for the Southern District of Texas
4:05-CR-1221
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Pat Barlow, sued the defendants claiming that she had an allergic reaction to glucosamine chondroitin, an ingredient in a product manufactured by Weider and sold to her at a Sam's Club. The district court dismissed the case on summary judgment, holding that the defendants had been served outside the limitations period and that the plaintiff had not exercised the required diligence in obtaining service. See Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 891 (Tex. 1975). We review de novo. Walker v. Sears, Roebuck & Co., 853 F.2d 355, 358 (5th Cir. 1988).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In Texas, "[t]he mere filing of a petition will not toll the running of a statute of limitation; to interrupt the statute, the plaintiff must exercise due diligence in procuring the issuance and service of citation upon the defendant." Perry v. Kroger Stores Store No. 119, 741 S.W.2d 533, 534 (Tex. App. – Dallas 1987). "The existence of diligence is usually a question of fact, but if no excuse is offered for a delay in procuring service of citation, or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law." Id. Here, the district court found that the plaintiff: (1) filed just before the limitations period expired, (2) did nothing for one month after filling suit, (3) waited an additional month after requesting and receiving summons from the clerk to request an extension, which was granted, and (4) waited two weeks after the extension deadline to finally serve the defendants. The plaintiff offered no explanations other than that "family reasons" had prevented her from paying fees of thirty-three dollars necessary to obtain a process server. On the facts found by the district court, it did not err in holding that the plaintiff served the defendants outside the limitations period and without diligence. We therefore AFFIRM.