**Affirmed and Opinion Filed January 15, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00146-CV

### PAUL CLARENCE BAILEY, Appellant
### V.
### THE LAKES OF PRESTON VINEYARDS HOMEOWNERS ASSOCIATION, Appellee

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-00927-2012**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

Paul Clarence Bailey appeals the trial court's order granting The Lakes of Preston Vineyards Homeowners Association's motion for summary judgment and awarding the HOA damages and attorney's fees, foreclosing the assessment lien, and ordering the property sold. Appellant, who is representing himself pro se, complains on appeal that he was not served with court documents, the trial judge was not impartial, he is protected from foreclosure under the homestead laws, and the HOA did not act in good faith.

After appellant filed his brief with this Court, we notified him that it did not satisfy the requirements of rule 38 of the Texas Rules of Appellate Procedure. Among other things, we noted the brief failed to provide any citations to the record. In response to our letter, appellant

filed an amended brief correcting many of the deficiencies, but he still failed to provide any citations to the record.

Although we liberally construe pro se pleadings and briefs, a pro se litigant is required to follow the same rules and laws as litigants represented by a licensed attorney. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Drum v. Calhoun*, 299 S.W.3d 360, 364 (Tex. App.—Dallas 2009, pet. denied). Otherwise, a pro se litigant would have an unfair advantage over a litigant represented by licensed counsel. *Mansfield State Bank*, 573 S.W.2d at 185; *Drum*, 299 S.W.3d at 364.

Subsections (d), (g), and (i) of rule 38.1 require an appellant's brief to provide record references to the statement of the case, statement of facts, and argument. TEX. R. APP. P. 38.1(d), (g), & (i). Appellant has not done so. Instead, when he does reference documents, he directs us to exhibits attached to his brief. Except for the trial court's order, these exhibits are not part of the appellate record. It is well established that documents attached to an appellate brief which are not part of the record may generally not be considered by the appellate court. *See Perry v. Kroger Stores*, *Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ) (op. on reh'g). Further, an appendix is not a substitute for a clerk's record or reporter's record nor are citations to the appendix a substitute for citations to the record. *In re L.M.M.*, No. 05-07-00789-CV, 2008 WL 2454680, at *1 (Tex. App.—Dallas June 19, 2008, pet. denied) (mem. op.). It is not this Court's role to search the record for facts that favor a party's position, identify possible trial court error, or do legal research that might support a party's contentions. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 894, 895 (Tex. App. Dallas 2010, no pet.). Because appellant has not provided any record citations, despite being given an opportunity to correct this deficiency, we conclude nothing is preserved for review. *Id.*

But even if appellant had provided record citations, he has not shown reversible error. Appellant first complains he was not served with "demand letters" and "court documents" because they were mailed to his home address and prison officials violated his civil rights by "tampering" with his mail. Appellant does not identify the "court documents," but we note he was served with the lawsuit and filed an answer; he also filed a response to the motion for summary judgment (although he did not respond to the amended motion for summary judgment). Moreover, assuming for purposes of this opinion the truth of his assertion that he has been incarcerated since 2012, nothing in the record shows appellant notified the court or opposing counsel of his new address. In fact, the record shows during the course of the lawsuit, appellant filed several pleadings and used his former home address. The latest document, a request for a trial setting, was filed with the trial court in January 2013. To the extent he argues the trial judge was not impartial because he knew but concealed the fact appellant was in prison and allowed documents to be sent to the wrong address, nothing in the record supports his claim. As for his assertion that the prison has violated his civil rights by tampering with his mail, it is unsupported in the record. Moreover, appellant does not explain how this lawsuit is the proper forum for such a complaint.

Appellant next asserts his homestead is constitutionally protected against all debts, including HOA assessment fees, except purchase money, taxes, or work and materials used in constructing improvements on it. Appellant did not raise this issue in his response to the HOA's motion for summary judgment or amended motion for summary judgment. On summary judgment, any issue not expressly presented to the trial court in a written motion or response may not be raised as grounds for reversal on appeal. *In re A.L.H.C.*, 49 S.W.3d 911, 915 (Tex. App.—Dallas 2001, pet. denied). Thus, this issue is waived. Regardless, appellant generally relies on the dissent in *Inwood North Homeowners' Association Inc. v. Harris*, 736 S.W.2d 632

(Tex. 1987) to support his position. A dissent, however, is just that–a dissent. The majority in *Inwood* concluded the homeowners' association was entitled to foreclose on the homesteads of owners who had not paid their homeowners' assessments because the property owners had notice when purchasing the property that a lien attached to the land. 736 S.W.2d at 637. As an intermediate appellate court, we are bound by the pronouncements of the supreme court on the law. *Diggs v. Bales*, 667 S.W.2d 916, 918 (Tex. App.—Dallas 1984, writ ref'd n.r.e.). Appellant has not made any attempt to distinguish the facts in *Inwood* from those in this case. We conclude this issue is without merit.

Finally, appellant argues the HOA has acted in bad faith by refusing to work with him to resolve the issue, by trying to deprive him of rental income by making "slanderous statements to prospective tenants," and by failing to serve him with "proper notice" in a "deliberate attempt to exploit procedural issues and to secure a judgment by default." We have previously addressed appellant's "notice" issue; as to the other issues, appellant does not explain how these would entitle him to a reversal of the judgment. Regardless, nothing in the record supports the complaints. To the extent he relies on affidavits attached to his brief and not presented to the trial court, we do not consider them. *See Perry*, 741 S.W.2d at 534. Appellant's complaints are without merit.

We affirm the trial court's order.


130146F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PAUL CLARENCE BAILEY, Appellant

No. 05-13-00146-CV      V.

THE LAKES OF PRESTON VINEYARDS
HOMEOWNERS ASSOCIATION,
Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-00927-2012.
Opinion delivered by Justice Francis;
Justices Evans and Stoddart participating.

In accordance with this Court's opinion of this date, the order of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee The Lakes of Preston Vineyards Homeowners Association
recover its costs of this appeal from appellant Paul Clarence Bailey.

Judgment entered January 15, 2015.