ACCEPTED
03-14-00706-CV
5125236
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/1/2015 4:09:57 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00706-CV**

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/1/2015 4:09:57 PM
JEFFREY D. KYLE
Clerk

_____

ENTERGY TEXAS, INC.,
*Appellant,*

v.

PUBLIC UTILITY COMMISSION OF TEXAS, ET AL.,
*Appellees.*

_____

Appealed from the 345th Judicial District Court of Travis County, Texas
The Honorable Amy Clark Meachum, Judge Presiding
Trial Court Cause No. D-1-GN-13-002623

_____

**STATE AGENCIES' MOTION TO STRIKE PORTIONS OF
APPELLANT'S REPLY BRIEF**

_____

TO THE HONORABLE THIRD COURT OF APPEALS:

Pursuant to Texas Rules of Appellate Procedure § 10.1 and § 38.1(f), Appellee State of Texas Agencies and Institutions of Higher Education (State Agencies) files this Motion to Strike Portions of Appellant's Reply Brief, and in support thereof shows as follows:

State Agencies move to have Appendices A and B to Appellant's Reply Brief stricken because they are outside the appellate record and impermissibly lack specific citations. State Agencies further move to have a certain document, which is

1

not designated as an appendix but is appended to Appellant's Reply Brief as part of "AR and PUC material," stricken for the same reasons. Specifically, the excerpt of the Direct Testimony of Susan Goodfriend from Public Utility Commission (PUC) Docket No. 28840 (Goodfriend testimony) cannot be considered by this Court and should be stricken.

## I.    Introduction

Appellant, Entergy Texas, Inc. (ETI or Entergy) filed an initial brief and a reply brief in this appeal that, combined, include over 1500 pages of documentation purporting to support its arguments. Some of these documents are listed as appendices while others are simply attached to the briefs without such designation.

Appendices A and B to Appellant's Reply Brief contain the direct testimony of the same expert witness in PUC Docket Nos. 34800 and 37744, respectively - two dockets that are not a part of this appeal or part of the administrative record before this Court. Appellant's Reply Brief also includes 857 pages of additional material following identified appendices, denoted only in the bookmarks of the electronic version of the reply brief under the heading "AR & PUC Materials." This material contains, among other items, an excerpt from the Direct Testimony of expert witness Susan Goodfriend from PUC Docket No. 28840 (a docket also not connected to this appeal).

Within its reply brief, Entergy cites to its appendices on pages 17 and 18, and to the Goodfriend testimony on pages 25-26, to support certain assertions. These three documents (Appendix A, Appendix B, and the Goodfriend testimony, collectively referred to as "challenged testimonies") and portions of Entergy's reply brief that rely on them are the subject of this Motion.

Under Texas Rule of Appellate Procedure § 38.9(b), if the court determines that a case has not been properly presented, or that law and authorities have not been properly cited in the briefs, it may make any order necessary for satisfactory submission of the case. For the reasons set out below, the challenged testimonies and assertions relying thereon are not properly before this Court and cannot be considered. An order striking the challenged testimonies and related portions of Appellant's Reply Brief is proper.

## II. The challenged testimonies are outside the administrative record.

This court is necessarily limited as to what evidence it can consider in an appeal of a district court decision. The Supreme Court of Texas established in *Sabine Offshore Service, Inc. v. The City of Port Arthur*[1] that the appellate record sets those limits. In *Sabine*, the Supreme Court reversed a decision by the Court of Civil Appeals because the decision was based on an affidavit that had not been presented in the trial court, and therefore was not a part of the appellate record. The Court

---

[1] 595 S.W.2d 840 (Tex. 1979).

stated, "Affidavits outside the record cannot be considered by the Court of Civil Appeals for any purpose other than determining its own jurisdiction."[2] This holding has been affirmed and expanded since,[3] and case law still confirms that an appellate court may only consider the record presented to it.[4]

Attaching a document as an appendix does not modify these limitations. A court cannot consider evidence cited in a brief and attached as an appendix if that evidence is not formally included in the appellate record.[5] Instead, such evidence should be excluded from the court's consideration altogether. "Material outside the record that is improperly included in or attached to a party's brief may be stricken."[6]

Pursuant to Texas Rule of Appellate Procedure § 34, the appellate record in this matter was properly filed upon appeal to this Court. In compliance with Texas Rule of Appellate Procedure § 36, included in the appellate record was the administrative record of the PUC proceeding underlying the district court decision. No party objected that the administrative record was at all incomplete.

Nonetheless, Entergy cites to and appends testimony that is not a part of the appellate record in its reply brief. Appellant cites to expert witnesses' testimony

---

[2] *Id.* at 841.

[3] *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, thus, the documents cannot be considered.").

[4] *In re: M.S.*, 115 S.W.3d 534, 546 (Tex. 2003) ("this Court—or any appellate court—may only consider the record presented to it").

[5] *Cantu v. Horany*, 195 S.W.3d 867, 870 (Tex. App.—Dallas 2006, no pet.)

[6] *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex. App.—Austin 1991, writ denied).

from Docket Nos. 34800, 37744, and 28840. Regardless of the purpose or content of these documents, the fact that they were not included in the administrative record renders them improper for consideration by this Court. As such, the documents should be stricken, as should portions of Appellant's Reply Brief that rely on those documents. Specifically, at pages 17 and 18, the entirety of the content in the bullet points referencing Docket Nos. 34800[7] and 37744[8] should be stricken and disregarded by this Court. Similarly, at pages 25 and 26, the excerpt relying on the Goodfriend testimony[9] should also be stricken.

### III.  Appellant's citations do not contain specific information required for the parties or the court to utilize the challenged testimonies.

Lastly, Appellant's references to the testimony offered in the appendices include no specific citation to exactly what the testimony allegedly shows and where it can be found. Instead, on pages 17-18 of Appellant's Reply Brief, Entergy references each testimony without qualification. Appellant simply points to the entirety of the two testimonies, a total of roughly fifty pages. As the Supreme Court of Texas has found, it "has never been considered part of an appellate court's duties in conducting judicial review" to "search the record for evidence itself."[10] More recently, the Dallas Court of Appeals has recognized this tenet still stands,

---

[7] From "In Docket No. 34800, ETI's …" through "… on Remand);" on page 17-18.
[8] From "In Docket No. 37744, ETI …" through "Hartzell, PhD);" on page 18.
[9] From "Dr. Goodfriend's Testimony was 117 …" through "it concerned the quality-of-service issue."
[10] *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283 (Tex. 1994)

5

explaining that it is not the duty of a Court of Appeals to wade through a voluminous record to verify an appellant's claim.[11] "A general reference to a voluminous record that does not direct the [] court and parties to the evidence on which [appellant] relies is insufficient."[12] Entergy's citations to the challenged testimonies are similarly insufficient.

Appellant has offered these pieces of testimony among countless pages of other documentation, without providing a simple citation as to where to find the evidence purportedly verifying its assertions. This is an improper manner of bringing evidence before the court, and therefore, the appendices should be stricken.

**IV.  Prayer**

WHEREFORE, PREMISES CONSIDERED, State Agencies pray that this Court strike from the record:

1) Appendix A of Appellant's Reply Brief;

2) Appendix B of Appellant's Reply Brief;

3) Two paragraphs on pages 17 and 18 of Appellant's Reply Brief that reference Docket No. 34800 and Docket No. 37744;

4) Excerpt of Direct Testimony of Susan Goodfriend, Docket 28840, appended to Appellant's Reply Brief but not labeled as an appendix; and

---

[11] *Hall v. Douglas*, 380 S.W.3d 860, 868 (Tex. App—Dallas 2012, no pet.) (citing *Fredonia State Bank c. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283 (Tex. 1994)).
[12] *Aguilar v. Trujillo*, 162 S.W.3d 839, 855 (Tex. App.—El Paso 2005, pet. denied).

5) The portion of Appellant's Reply Brief that relies on the excerpt of Direct

   Testimony of Susan Goodfriend, pages 25-26.

State Agencies also pray for any further relief to which they may be entitled.

Dated:  May 1, 2015

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

*/s/ Sara R. Hammond*
Katherine H. Farrell
State Bar No. 24032396
Sara R. Hammond
State Bar No. 24081003
Assistant Attorneys General
OFFICE OF THE TEXAS ATTORNEY GENERAL
Administrative Law Division
P.O. Box 12548
Austin, Texas 78711
Telephone:  (512) 475-4173
Facsimile:  (512) 320-0167
E-mail:   katherine.farrell@texasattorneygeneral.gov
               sara.hammond@texasattorneygeneral.gov

**Counsel for Appellee State Agencies**

## CERTIFICATE OF CONFERENCE

I certify that I contacted counsel for all parties of record and asked whether they would oppose this motion. Counsel for Texas Industrial Energy Consumers takes no position on the motion; Public Utility Commission of Texas and Office of Public Utility Counsel do not oppose the motion. Counsel for Entergy Texas, Inc. opposes the motion.

*/s/ Sara R. Hammond*
Sara R. Hammond
Assistant Attorney General

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of State Agencies Motion to Strike Portions of Appellant's Reply Brief was transmitted by electronic filing on the 1st day of May, to the parties of record as listed below:

**ENTERGY TEXAS, INC.,**


**Appellant**

John F. Williams
Marnie A. McCormick
DUGGINS WREN MANN & ROMERO, LLP
One American Center
600 Congress Suite 1900
Austin, Texas 78767
Telephone: (512) 744-9300
Facsimile: (512) 744-9399
jwilliams@dwmrlaw.com
mmccormick@dwmrlaw.com


**OFFICE OF PUBLIC
UTILITY COUNSEL,**


**Appellee**

Ross Henderson
Assistant Public Counsel
OFFICE OF PUBLIC UTILITY COUNSEL
1701 N. Congress Avenue
Suite 9-180
P.O. Box 12397
Austin, Texas 78711-2397
Telephone: (512) 936-7500
Facsimile: (512) 936-7525 or 936-7520
ross.henderson@opuc.texas.gov


**PUBLIC UTILITY
COMMISSION
OF TEXAS,**


**Appellee**

Elizabeth Sterling
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Environmental Protection Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4152
Facsimile: (512) 320-0911
Elizabeth.Sterling@texasattorneygeneral.gov

**TEXAS INDUSTRIAL
ENERGY CONSUMERS,**

**Appellee**

Rex D. Van Middlesworth
Benjamin Hallmark
THOMPSON KNIGHT, LLP
98 San Jacinto Blvd, Ste. 1900
Austin, Texas 78701
Telephone: (512) 469.6100
Facsimile: (512) 469.6180
rex.vanm@tklaw.com
benjamin.hallmark@tklaw.com

*/s/ Sara R. Hammond*
Sara R. Hammond
Assistant Attorney General