**AFFIRMED and Opinion Filed November 6, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00914-CV

### RICHARD RALEY AND RALEY HOLDINGS, LLC, Appellants
### V.
### DANIEL K. HAGOOD, P.C. AND FITZPATRICK HAGOOD SMITH & UHL, LLP, Appellees

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-00390-B**

# MEMORANDUM OPINION
Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Reichek

Richard Raley and Raley Holdings, LLC appeal the trial court's judgment confirming an arbitration award in favor of Daniel K. Hagood, P.C. and Fitzpatrick Hagood Smith & Uhl, LLP (Hagood). Bringing four issues, Raley contends the trial court erred in denying his request for post-judgment discovery, refusing to set aside the judgment, and confirming the arbitration award. We affirm the trial court's judgment.

## Factual Background

Hagood brought this suit against Raley and Raley Holdings ("Raley") seeking to collect unpaid legal fees. In its petition, Hagood moved for arbitration based on an arbitration clause in

the legal services contract. Hagood additionally filed a motion to compel arbitration which the trial court granted.[1] At Raley's request, the trial court abated the case pending the arbitration.

Hagood and Raley proceeded to binding arbitration with the Honorable Harlan Martin serving as arbitrator. The claims asserted by Hagood included breach of contract and quantum meruit. Raley counterclaimed for negligence/legal malpractice and breach of fiduciary duty. A final award was issued on March 12, 2018. In the award, Martin concluded Raley breached the legal services agreement and awarded Hagood $376,313.97 in damages, interest, and attorney's fees. Martin denied all of Raley's counterclaims.

The next day, Hagood filed a motion to lift the abatement and confirm the arbitration award in the trial court. While the motion to confirm was pending, Hagood sought post-judgment discovery. Raley resisted the discovery, and Hagood filed motions to compel. A hearing on the motion to confirm the award and the discovery motions was scheduled for May 4. On May 2, counsel for Raley sent an email to Hagood's counsel stating "[w]e are not opposed to the court confirming the arbitration award. Once an actual judgment is entered by the Court, please resend the discovery and we will address it at that time. I do not intend to appear at the hearing on Friday." On the day of the hearing, the trial court signed a final judgment stating that, after considering Hagood's motion to lift the abatement and confirm the arbitration award, it was of the opinion that the award should be confirmed.

Raley contends that, shortly after the conclusion of the arbitration proceedings, he discovered that Martin had an ownership interest in the dispute resolution company through which the arbitration was conducted. Five days after the trial court signed the final judgment, Raley propounded discovery seeking to obtain information relating to Martin's interest in the company

---

[1] The trial court denied the motion to compel as to Raley Holdings, but the final arbitration award confirmed by the trial court concluded Raley Holdings was bound by the arbitration agreement and a proper party to the arbitration proceeding. Raley does not challenge this finding on appeal.

and any services rendered by the company to Hagood or its counsel. Hagood responded with a motion to quash, motion for protection, and motion for sanctions contending Raley was not permitted to conduct post-judgment discovery.

On June 1, Raley filed a motion to set aside the judgment confirming the award contending (1) the arbitration ruling misstated material fact witness testimony and the standard of law to be applied, and (2) he was attempting to obtain discovery on whether proper disclosures were made prior to the arbitration. The only evidence submitted with the motion was an unsworn declaration in support of Raley's argument that the award misstated the facts presented at the arbitration. That same day, the trial court granted Hagood's motions to quash and for protection. Raley's motion to set aside the judgment was scheduled to be heard on July 18 along with several other discovery motions.

At the July 18 hearing, when the trial court began to address the motion to set aside the judgment, Raley's counsel indicated he wanted to "pass" it. After further discussion, however, the trial court stated it viewed all the pending motions as being "tied together" and felt that addressing the motion to set aside was necessary "to get the entirety of the picture." Raley's counsel responded "sure" and proceeded to argue the points raised in the motion at length. No evidence was presented at the hearing by either party. On July 24, the trial court signed an order disposing of all the motions discussed at the hearing and denied Raley's request to set aside the judgment. This appeal followed.

**Analysis**

**I. Post-Judgment Discovery**

In his first issue, Raley contends the trial court erred in denying his request to conduct discovery after the final judgment was signed. A judgment confirming an arbitration award is a final judgment just like any other. *Hamm v. Millennium Income Fund L.L.C.*, 178 S.W.3d 256,

263 (Tex. App.—Dallas 2005, pet. denied). Discovery conducted after a final judgment has been rendered is controlled by Texas Rule of Civil Procedure 621a. *See* TEX. R. CIV. P. 621a.

Rule 621a permits post-judgment discovery by "the successful party . . . for the purpose of obtaining information to aid in the enforcement of [the] judgment." *Id*. In addition, either party may conduct post-judgment discovery to obtain information relevant to a motion for suspending enforcement of the judgment pending appeal. *Id*. Raley does not dispute that he was not the successful party below and the discovery he sought was clearly not intended to aid in enforcement of the judgment against him. Nor does Raley contend the discovery he sought was relevant to a motion for suspension of the judgment as there was no such motion pending.

Raley instead relies on cases from this Court addressing *pre-judgment* discovery to argue that he should be permitted to conduct discovery pertaining to Martin's alleged ownership interest in the dispute resolution company. *See Rodas v. La Madeleine of Texas, Inc.*, No. 05-14-00054-CV, 2015 WL 1611780 (Tex. App.—Dallas Apr. 10, 2015, pet. denied) (mem. op.); *Karlseng v. Cooke*, 286 S.W.3d 51 (Tex. App.—Dallas 2009, no pet.). Neither of these cases is applicable, however, because they do not address the very limited purposes for which *post-judgment* discovery may be conducted.

Raley contends he should be allowed to conduct post-judgment discovery because he did not learn of Martin's alleged ownership interest until after the judgment was confirmed and he was "under no obligation to investigate the truthfulness of Martin's disclosures." Although Raley attached Martin's disclosure form as an exhibit to his brief on appeal, the form was never submitted as evidence in the trial court and is not part of the appellate record. Attaching documents as exhibits or appendices to a brief does not make them part of the record on appeal and we cannot consider them. *Perry v. Kroger Stores Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas

–4–

1987, no pet.).[2]  Accordingly, there is nothing in the record before us to show the substance of Martin's disclosures.

In addition, the trial court noted at the hearing, and Raley's counsel did not deny, that the information Raley claimed Martin withheld was apparently a matter of public record discovered by virtue of an internet search conducted after the award was confirmed.  This Court has held that when a party waits until after a decision is rendered to assert bias based on information readily available to the public before the decision is made, it is indicative of "judge shopping."  *See AVPM Corp. v. Childers*, No. 05-17-00372-CV, 2018 WL 4870931, at *2 (Tex. App.—Dallas Oct. 9, 2018, no pet.).  We conclude the trial court did not err in denying Raley's request for post-judgment discovery, unavailable under the applicable rule, to support such a tactic.  We resolve Raley's first point against him.

## II. Motion to Set Aside the Judgment

In his second issue, Raley contends the trial court abused its discretion in denying his motion to set aside the judgment.  Raley argues that Martin's failure to disclose his ownership interest in the dispute resolution company, standing alone, demonstrated evident partiality requiring the confirmation be set aside.  The record shows, however, that Raley not only failed to object to the confirmation, he affirmatively consented to it.  A party opposing an award may not idly stand by, allow the award to be confirmed by judgment in the trial court, and then move to challenge it.  *Hamm*, 178 S.W.3d at 265.

---

[2]  Raley has asked this Court to take judicial notice of the documents attached to his brief that are not found in the appellate record.  The Court of Appeals is not a trier of fact and for us to consider evidence for the first time, never presented to the trial court, would effectively convert this Court into a court of original, not appellate jurisdiction. *Thornton v. Columbia Med. Ctr. of Plano Subsidiary, L.P.*, No. 05-18-01010-CV, 2019 WL 4316481, at *3 (Tex. App.—Dallas Sept. 12, 2019, no pet. h.).

Furthermore, the entirety of Raley's argument is based on Martin's alleged failure to disclose an ownership interest.[3] But, as previously stated, there is no evidence in the record to show either the content of Martin's disclosures or his alleged ownership interest in the company. A party seeking to vacate an arbitration award on the basis of evident partiality bears the burden of proof and must bring forth a sufficient record. *See Meritage Homes of Tx., L.L.C. v. Ruan*, No. 05-13-00831-CV, 2014 WL 4558772, at *3 (Tex. App.—Dallas Sept. 16, 2014, pet. denied) (mem. op.); *In re C.A.K.*, 155 S.W.3d 554, 564 (Tex. App.—San Antonio 2004, pet. denied). The record must include evidence showing the existence of facts that would establish a reasonable impression of the arbitrator's partiality. *In re C.A.K.*, 155 S.W.3d at 564. Because Raley presented no evidence to support his allegations, he failed to meet his burden in the trial court and has not presented a sufficient record to require reversal on appeal.

Raley contends the trial court violated his right to due process by ruling on his motion to set aside the judgment *sua sponte*. Raley argues that because he "passed" on the motion at the July 18 hearing, the trial court erred in ruling on the motion without notice. The record of the hearing demonstrates that Raley's argument lacks merit.

At the beginning of the hearing, Raley's counsel confirmed that Raley's motion to set aside the judgment was set to be heard that day. Sometime later, Raley's counsel indicated he wanted to pass on the motion. The trial judge expressed concern that Raley was using the pending motion as an excuse for not appearing at a post-judgment deposition. When the judge stated she felt it was necessary to address the motion to set aside the judgment in conjunction with the pending

[3] In a post-submission motion, Raley cites this Court to an opinion from the Ninth Circuit Court of Appeals holding that the arbitrator's failure to disclose his ownership interest in the dispute resolution company through which the arbitration was conducted, coupled with the number of arbitrations the company administered for the opposing party, demonstrated evident partiality. *See Monster Energy Co. v. City Beverages, LLC*, No. 17-55813, 2019 WL 5382062, at *7 (9th Cir. Oct. 22, 2019). Because this case does not provide us with a sufficient record to review the substance of Raley's allegation of evident partiality, it is unnecessary for us to address whether we agree with the ninth circuit court's reasoning.

–6–

discovery motions, Raley's counsel responded, "Sure" and then argued the motion at length. After the trial court ruled on the motion in its July 24 order, Raley made no objection or otherwise made the trial court aware he believed the ruling was made in violation of his due process rights. Even constitutional complaints can be waived by a failure to object at trial. *Russell v. Dallas Cty.*, No. 05-17-01475-CV, 2019 WL 911713, *3 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op.). We conclude the trial court did not err in denying Raley's motion to set aside the judgment. We resolve Raley's second issue against him.

## III. Lifting of the Abatement

In his third issue, Raley contends the trial court's judgment confirming the arbitration award is null and void because it was rendered without lifting the court's previous order of abatement and reinstating the case. Both the federal and Texas arbitration acts require courts to stay litigation of issues that are subject to arbitration. *Wee Tots Pediatrics, P.A. v. Morohunfola*, 268 S.W.3d 784, 793 (Tex. App.—Fort Worth 2008, orig. proceeding) (trial court erred in not granting motion to abate).[4] A stay of proceedings during arbitration does not, however, deprive the trial court of jurisdiction to render certain orders, including an order confirming the arbitration award. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.086 – .087; *Quickset Concrete, Inc. v. Roeschco Constr., Inc.*, No. 05-16-00509-CV, 2017 WL 4021113, at *4 (Tex. App.—Dallas Sept. 13, 2017, pet. denied) (mem. op. on reh'g). Accordingly, the trial court in this case was fully authorized to confirm the award regardless of the status of the underlying proceeding.

Even if lifting the abatement was necessary, the trial court's judgment implicitly did so. *See* TEX. R. APP. P. 33.1(a)(2)(A). A ruling is implicit if it is unexpressed, but capable of being

---

[4] In this case the trial court granted an "abatement" rather than a "stay." Although they are different, courts and litigants often use the terms interchangeably. The distinction between the two is not significant to our analysis. *In re Unauthorized Practice of Law Comm.*, No. 13-08-00662-CV, 2008 WL 6654756, at *1 n.2 (Tex. App.—Corpus Christi–Edinburg Dec. 4, 2008, orig. proceeding) (mem. op.).

understood from something else. *Wilson N. Jones Mem'l Hosp. v. Ammons*, 266 S.W.3d 51, 58 (Tex. App.—Dallas 2008, pet. denied). The trial court's judgment confirming the arbitration award was rendered in response to, and specifically references, Hagood's Motion to Lift Abatement and to Confirm Arbitration Award. By confirming the award, the trial court's written judgment also implicitly granted Hagood's request to lift the abatement. *See id*. We resolve Raley's third issue against him.

## IV. Confirmation of the Award

In his fourth and final issue, Raley contends the trial court erred in confirming the arbitration award because the award was "based on an incorrect legal standard and misstated evidence." Although we review a trial court's decision to vacate or confirm an arbitration award de novo, our review is "extremely narrow" and all reasonable presumptions are indulged in favor of the award. *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002); *Centex/Vestal v. Friendship West Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied). This is because Texas law favors arbitration. *Centex/Vestal*, 314 S.W.3d at 683. "Review of an arbitration award is so limited that even a mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award." *Id*. Judicial scrutiny focuses on the integrity of the process, not the propriety of the result. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 826 (Tex. App.—Dallas 2009, no pet.).

Raley's contention that the arbitrator used an incorrect legal standard and misstated the evidence is exactly the type of alleged error that cannot form the basis for setting aside the award. *Id*.; *see also Jamison & Harris v. Nat'l Loan Inv'rs*, 939 S.W.2d 735, 737 (Tex. App.—Houston [14th Dist.] 1997, writ denied). Because the trial court could not vacate the award on these grounds, we conclude the court did not err in confirming the award. We resolve Raley's fourth issue against him.

Based on the foregoing, we affirm the trial court's judgment.


                /Amanda L. Reichek/
                AMANDA L. REICHEK
                JUSTICE


180914F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICHARD RALEY AND RALEY
HOLDINGS, LLC, Appellants

No. 05-18-00914-CV      V.

DANIEL K. HAGOOD, P.C. AND
FITZPATRICK HAGOOD SMITH &
UHL, LLP, Appellees

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-17-00390-B.
Opinion delivered by Justice Reichek.
Justices Pedersen, III and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees DANIEL K. HAGOOD, P.C. AND FITZPATRICK
HAGOOD SMITH & UHL, LLP recover their costs of this appeal from appellants RICHARD
RALEY AND RALEY HOLDINGS, LLC.

Judgment entered November 6, 2019