**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-20-00127-CV**
_____

**JIMMY LEE MENIFEE, Appellant**

**V.**

**CAROL CHANDLER, Appellee**

On Appeal from the County Court at Law No. 3
Dallas County, Texas
Trial Cause No. CC-20-00582-C

**MEMORANDUM OPINION**

Jimmy Lee Menifee appeals a judgment in favor of his sister, Carol Chandler,

granting the forcible eviction of Menifee from a home owned by Chandler.[1]

Construing Menifee's brief liberally, the central issue appears to be sufficiency of

the evidence to support the eviction. *See* Tex. R. App. P. 38.9 (discussing liberal

---

[1] This case was transferred to this Court from the Fifth Court of Appeals in Dallas, Texas pursuant to a docket equalization order. *See* Tex. Gov't Code Ann. § 73.001.

construction of briefs); *see also Heckendon v. First Mortg. Co., LLC*, No. 13-12-00451-CV, 2013 WL 5593520, at *4 (Tex. App.—Corpus Christi July 29, 2013, no pet.) (mem. op.) (discussing legal and factual sufficiency of evidence to support judgment in forcible entry and detainer action).

### Background

As Menifee did not file a reporter's record, our discussion of the background is solely based on the clerk's record. *See Cisneros v. Cisneros*, No. 14-14-00616-CV, 2015 WL 1143125, at *1 (Tex. App.—Houston [14th Dist.] Mar. 12, 2015, no pet.) (mem. op.) (noting in absence of reporter's record, background facts were "based on the clerk's record alone").

Chandler filed a petition for eviction on January 13, 2020. She listed her reason for the eviction as follows; "refusing to move, [t]hreat[en]ing neighbors, calling police daily, destroying inside of property – not allowing people to come on the property." A justice of the peace court granted Chandler's petition on January 24, 2020. On February 7, 2020, Menifee filed an answer, and the case was subsequently appealed to County Court at Law Number Three, where a judgment was signed granting Chandler's petition on March 13, 2020, and later amended on April 13, 2020.[2] *See* Tex. R. Civ. P. 329b(d) (allowing the trial court to vacate,

---

[2] Although the last day of the trial court's plenary power ended on April 12, 2020, the trial court's amended judgment is not void. While Texas Rule of Civil

2

modify, correct, or reform judgment within thirty days after the judgment is signed).

In its amended judgment, the County Court at Law found that the reasons for eviction cited by Chandler, including Menifee's unlawful destruction of the property, threatening neighbors, and refusing to allow code enforcement officers on the property, were "grounds for eviction[.]" The judgment granted Chandler exclusive possession of the property.

## Analysis

"When an appellant challenges the sufficiency of evidence supporting the trial court's judgment against him, he cannot prevail without first meeting his burden of presenting a sufficient record on appeal because it is presumed that the omitted portions of the record support the trial court's judgment." *See Cisneros*, 2015 WL 1143125, at *3 (citations omitted); *see also* Tex. R. App. 34.6 (discussing the reporter's record). Menifee bears the burden of bringing forth the reporter's record for review, and if he fails to properly present the reporter's record in accordance with appellate procedure, he should suffer the legal consequences of his choice.[3] *See*

---

Procedure Rule 329b limits a trial court's plenary power to "modify, correct, or reform a judgment" to thirty days after the judgment is signed, Rule 4 delineates that in computing that time if the last day of the period falls on a Saturday, Sunday or legal holiday, "the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday[.]" Tex. R. Civ. P. 329b(d); 4.

[3] We note that the record indicates that Menifee filed an affidavit of indigency. There is no other indication in the record before this Court that Chandler objected or that the trial court determined if Menifee was indigent and entitled to a free reporter's

*Wiegand v. Kinnard*, No. 07-15-00406-CV, 2016 WL 1238183, at \*1 n.1 (Tex. App.—Amarillo Mar. 29, 2016, no pet.) (mem. op.) (citations omitted).

Our review is limited to arguments and citations to a record. *See id.* Menifee's failure to provide a complete record hinders our review of a sufficiency analysis.[4] *Cisneros*, 2015 WL 1143125, at \*3. We note this is not an appeal with a partial reporter's record. *See* Tex. R. App. P. 34.6(c). As such, we presume that the omitted evidence is legally and factually sufficient to support the eviction. *See Mosley v. Elliot*, No. 07-19-00295-CV, 2020 WL 4249729, at \*1 (Tex. App.—Amarillo July 20, 2020, no pet.) (mem. op.); *Cisneros,* 2015 WL 1143125, at \*3.

---

record. As such, absent "four enumerated instances" requiring declarant to pay costs and detailed findings by the trial court pursuant to rule 145(f) in its judgment, Menifee established his indigency as a matter of law and should not have to pay costs. *See Abrigo v. Ginez*, 580 S.W.3d 416, 419–20 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see also* Tex. R. Civ. P. 145(f). This includes the costs of a reporter's record. But Menifee still must request and provide a reporter's record to the Court for review. *See* Tex. R. App. P. 37.3(c). Menifee failed to request a record, and after providing notice to the reporter and parties, this Court submitted the case without a reporter's record. *Jones v. Am. Real Estate Inv.*, No. 05-19-00546-CV, 2020 WL 5834301, at \*2 n.2 (Tex. App.—Dallas Oct. 1, 2020, no pet.); *see also* Tex. R. App. P. 37.3(a)(1) (requiring appellate clerk to send notice when reporter's record has not been timely filed).

[4] Documents attached as exhibits in appendices to briefs are not included in the record on appeal. *Till v. Thomas*, 10 S.W.3d 730, 733–34 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Perry v. Kroger Stores Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ).

## Conclusion

We overrule Menifee's sole issue on appeal and affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 21, 2020
Opinion Delivered December 30, 2020

Before Kreger, Horton, and Johnson, JJ.